435 P.2d 1013

**Jane C. RIDDLE, Appellant,**

v.

**The BOARD OF EDUCATION of the State of Mexico, Appellee.**

**No. 91.**

Court of Appeals of New Mexico.

Dec. 8, 1967.

William C. Marchiondo, McAtee, Marchiondo & Michael, Albuquerque, for appellant.

E. P. Ripley, Santa Fe, for appellee.

OPINION

WOOD, Judge.

The appeal involves a change in the remedy available for reviewing actions of the State Board of Education taken in connection with a teacher's appeal. We must determine whether we have jurisdiction.

The teacher (Jane C. Riddle) had a teacher's contract with the Local Board (Board of Education, Cloudcroft Municipal School District No. 11). The contract was for the 1966–1967 school term. The Local Board discharged the teacher during the term of her contract. The teacher appealed the decision of the Local Board to the State Board. The State Board affirmed the decision of the Local Board. The teacher appeals to this court from the decision of the State Board.

At the time the teacher was discharged by the Local Board and at the time she appealed to the State Board, § 73–12–15, N. M.S.A. 1953, 1965 Pocket Supp. (Laws 1965, ch. 218, repealed 1967) was in effect. This section set forth the procedure applicable in the discharge of teachers holding contracts. State ex rel. Roberson v. Board of Education of City of Santa Fe, 70 N.M. 261, 372 P.2d 832 (1962).

Under § 73–12–15, the decision of the Local Board could be appealed to the State Board. This section provided that the State Board's decision "* * * shall be final." Accordingly, the remedy for reviewing the actions of the State Board was certiorari. Roberson v. Board of Education of City of Santa Fe, 78 N.M. 297, 430 P.2d 868 (1967).

Section 73–12–15 was repealed by Laws 1967, ch. 16, § 301. Sections 77–8–16 and 77–8–17 were enacted. Laws 1967, ch. 16, §§ 121 and 122. The effective date was July 1, 1967. Laws 1967, ch. 16, § 303.

Section 77–8–17(F), N.M.S.A. 1953, 1967 Pocket Supp., provides that a party aggrieved by a decision of the State Board may appeal the decision to the Court of Appeals. Thus, this section changes the remedy available for reviewing the actions of the

State Board. Under prior law the remedy was certiorari; under present law the remedy is by appeal to this court. This change occurred when the teacher's appeal was pending before the State Board.

Does § 77–8–17(F) apply in this case? If so, we have jurisdiction. N.M. Const. Art. VI, § 29. If not, we do not have jurisdiction and the teacher's remedy is by certiorari.

The parties have presented the issue of our jurisdiction on the basis of whether § 77–8–17(F) affects the remedy or procedure in a pending case so as to violate N.M. Const. Art. IV, § 34. We do not reach this question.

We answer the question of our jurisdiction on the basis of the statute under which the State Board conducted its review of the Local Board proceeding. Both the old (§ 73–12–15) and the new (§ 77–8–17) provide for appeals to the State Board; however, the review by the State Board under § 73–12–15 differs from the review under § 77–8–17. Section 73–12–15 does not authorize appeals to this court from a State Board review pursuant to that section. Section 77–8–17 authorizes appeals to this court from " * * * a decision of the state board after a review proceeding pursuant to this section * * *."

The State Board's review proceeding was not pursuant to § 77–8–17. One example suffices: Because of the dates involved, if the State Board had proceeded under § 77–8–17, its review would have been completed and its decision would have been rendered before § 77–8–17 went into effect.

█ Since the State Board's review proceeding was not conducted under the authority of § 77–8–17, and since our authority is limited to a review of State Board proceedings conducted under the authority of that section, an appeal to this court is not authorized in this case.

The appeal is dismissed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.