472 P.2d 385

Eloy P. QUINTANA, Appellant,

v.

STATE BOARD OF EDUCATION,
Appellee.

No. 417.

Court of Appeals of New Mexico.

May 28, 1970.

Rehearing Denied June 19, 1970.

Certiorari Denied July 2, 1970.

———◆———

Charles S. Solomon, Solomon, Stillinger & Lunt, Santa Fe, for appellant.

E. P. Ripley, General Counsel, N. M. State Dept. of Education, Boston E. Witt, Fred M. Standley, Standley, Witt & Quinn, Santa Fe, for appellee.

## OPINION

WOOD, Judge.

We dismiss this appeal from the State Board of Education because neither this court nor the State Board had jurisdiction, that is, authority to decide the particular matter presented. See Heckathorn v. Heckathorn, 77 N.M. 369, 423 P.2d 410 (1967) and Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7 (1964) for this jurisdictional concept.

Eloy P. Quintana, with "tenure rights" under § 77–8–11, N.M.S.A.1953 (Repl.Vol. 11, pt. 1) was serving as a school principal. The Local Board (Board of Education, Espanola Municipal Schools) did not re-employ Quintana as a principal for the following school year. Quintana did accept employment with the Local Board as a classroom teacher. Quintana contends the change in assignment from principal to teacher could not be accomplished, legally, without following the statutory provisions for termination of the services of a certified school instructor with tenure rights. See §§ 77–8–9, 77–8–12 and 77–8–16, N.M.S.A.1953 (Repl.Vol. 11, pt. 1), and the regulations adopted by the State Board of Education pursuant to § 77–8–18, N.M.S.A. 1953 (Repl.Vol. 11, pt. 1). The Local Board did not follow those statutory provisions in connection with the reassignment from principal to teacher.

Quintana appealed to the State Board. That Board held, in effect, that the statutory provisions for termination of the services of a certified school instructor with tenure rights did not apply to the reassignment from principal to teacher. The

State Board specifically held that Quintana had no right to a hearing in connection with his reassignment. Quintana appeals directly to this court from the decision of the State Board. Section 77–8–17, N.M. S.A.1953 (Repl.Vol. 11, pt. 1).

Quintana asserts his reassignment from principal to teacher was a demotion, that employment as a teacher is " * * * not of the same grade, * * *" as that of a principal. See State ex rel. Freeman v. Sierra County Board of Education, 49 N.M. 54, 157 P.2d 234 (1945). On the basis of this alleged "change in grade", he contends the statutory "tenure rights" concerning notice and hearing applied. Compare State ex rel. State Board of Education v. Montoya, 73 N.M. 162, 386 P.2d 252 (1963). Since the Local Board did not proceed under § 77–8–12, supra, in refusing to re-employ Quintana as a principal, he claims he has been re-employed as a principal by operation of law.

To understand this contention, we point out there is nothing in the record showing that Quintana was a certified school administrator or that the exception in § 77–8–13(B), N.M.S.A.1953 (Repl.Vol. 11, pt. 1), applied. All we have is that Quintana was a certified school instructor while serving as principal and that he would be serving as a certified school instructor under his assignment as classroom teacher. Thus, Quintana asserts there are "grades" within the concept of certified school instructor, and that assignment between grades of a person with tenure cannot be accomplished without according the statutory "tenure rights" to the person whose reassignment is contemplated.

Neither this court, nor the State Board has authority to decide these contentions in this appeal.

Our authority to review decisions of the State Board is stated in Paragraph F of § 77–8–17, supra. Our authority is limited to a review of State Board proceedings conducted under authority of § 77–8–17, supra. If the State Board did not have authority under § 77–8–17, supra, to hear Quintana's appeal, this court is also without authority to hear the appeal. Riddle v. Board of Education, 78 N.M. 631, 435 P.2d 1013 (Ct.App.1967).

■ The State Board's authority to hear appeals is stated in Paragraph A of § 77–8–17, supra. It is to hear appeals from decisions " * * * of a local school board after a hearing conducted pursuant to * * *" § 77–8–16, supra. No such hearing was held. The right to appeal to the State Board, in this instance, is statutory. Board of Ed., Penasco Ind. Sch. Dist. No. 4 v. Rodriguez, 77 N.M. 309, 422 P.2d 351 (1966). The right to appeal to the State Board, affirmatively authorized, is from a decision of the Local Board "after a hearing." The negative implication is that where no hearing has been held, an appeal to the State Board is not authorized. Compare Tijerina v. Baker, 78 N.M. 770, 438 P.2d 514 (1968). As stated in Brown v. Romero, 77 N.M. 547, 425 P.2d 310 (1967): " * * * Absent a hearing before the * * * [local] board, neither the state board nor the * * * [court of appeals] has jurisdiction over any matter presented." Since no hearing was held, the State Board did not have jurisdiction to consider the contentions presented to it by Quintana.

■ This does not mean that Quintana was without a remedy. Mandamus was available to test Quintana's right to a hearing before the Local Board. Brown v. Romero, supra.

There being a lack of authority to decide the contentions presented, the appeal is dismissed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.