536 P.2d 274

**BOARD OF EDUCATION OF the CITY OF ALBUQUERQUE, New Mexico, Appellant,**

v.

**NEW MEXICO STATE BOARD OF EDU-CATION and Catherine Whitman, Appellees.**

**No. 1758.**

Court of Appeals of New Mexico.
May 14, 1975.

Graham E. Evans, Botts & Cole, Albuquerque, for appellant.

Jerry Wertheim, Susan P. Graber, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for appellee Whitman.

Toney Anaya, Atty. Gen., Santa Fe, John A. Templeman, Thomas A. Simons, IV, Sp.

Asst. Attys. Gen., for appellee State Dept. of Ed.

## OPINION

HENDLEY, Judge.

Catherine Whitman was discharged from her employment as a teacher in the Albuquerque Public School System. After a hearing before the Board of Education of the City of Albuquerque (Local Board), the discharge was sustained. Ms. Whitman appealed to the State Board of Education (State Board), pursuant to § 77–8–17, N.M.S.A.1953 (Repl.Vol. 11, pt. 1, 1968, Supp.1973). A hearing de novo was held before a hearing officer appointed by the State Board. He submitted a detailed narrative of the facts adduced at the hearing to the State Board. The narrative is most favorable to Ms. Whitman's position. However, the hearing officer reluctantly concluded with a recommendation that the Local Board's decision be affirmed because " . . . the State Board is not allowed the luxury of second-guessing the local administration or local board . . . ." The State Board did not follow the recommendation and reversed the Local Board. The Local Board appeals alleging that the State Board's decision is (1) arbitrary, capricious and unreasonable, (2) not supported by substantial evidence and (3) not made in accordance with law. See § 77–8–17 (J), supra. We affirm.

█ The determination of whether a decision is arbitrary, capricious and unreasonable is not a question separate and apart from whether the decision is supported by substantial evidence. See Wickersham v. New Mexico State Board of Education, 81 N.M. 188, 464 P.2d 918 (Ct. App.1970).

█ We briefly state the facts and circumstances leading up to the teacher's discharge. Ms. Whitman had been a teacher in the Albuquerque schools for eleven years prior to the 1972–73 school year. Her performance during these years had been exemplary. Due to an unstable

blood sugar level, she took leave of absence during the 1972–73 school year and part of the 1973–74 school year. Her physician approved her returning to work in January of 1974. In her absence Ms. Whitman's sixth grade class had been taught by a young, attractive and vibrant first-year teacher with whom the class, as one witness put it, had "a love affair." The students and substitute teacher were given one day's notice that Ms. Whitman would be returning although the principal was aware of this fact for approximately one month. Upon Ms. Whitman's return, the students became hostile and openly rebellious; they were determined to "get rid of her." It is undisputed that Ms. Whitman was unable to control and maintain order and discipline in the class thereafter. However, it is also apparent that circumstances beyond Ms. Whitman's control—the departure of the substitute teacher, whom the youngsters idolized—were at the root of the problem, and that the circumstances therefore were unique. The situation was further compounded by the failure of the principal to prepare the class for Ms. Whitman's return.

The instant case is one of those situations where a decision by the State Board either affirming or reversing the Local Board's determination would be upheld by this court as being supported by substantial evidence and hence, reasonable. The decision with regard to whether to discharge a teacher who admittedly, but excusably and understandably is unable to control her class due to a short-lived problem yet whose performance is otherwise more than satisfactory is basically one of policy to be determined by the State Board in the final analysis. We are not permitted to substitute our judgment for that of the State Board. Wickersham v. New Mexico Board of Education, supra. We accordingly hold that the State Board's decision is supported by substantial evidence and is not arbitrary, capricious or unreasonable.

█ We next determine whether the State Board's decision was made in accord-

ance with law. The Local Board contends that the statutory and regulatory scheme does not permit the State Board to disregard its designated hearing officer's final recommendation. The Local Board relies on Regulation 74–7, adopted by the State Board, and governing appeals to the State Board under § 77–8–17, supra. The Local Board specifically relies on language which provides that the hearing officer prepare and submit a formal report to the State Board recommending findings of fact and conclusions of law which are suggested as the decision of the State Board and then goes on to provide that, " . . . The State Board shall either adopt the suggested findings of fact and conclusions of law, or modify said findings of fact and conclusions of law, and render its decision. . . . " It is the Local Board's contention that this language only permits modification of the hearing officer's recommendation and that in the instant case the State Board totally disregarded the hearing officer's recommendation.

The State Board replies that the word, modify, in the regulation, is broad enough to encompass the alteration of the hearing officer's recommendation in the manner demonstrated in the case at bar. We agree with the State Board for several reasons, not the least of which is that the record show that the instant hearing officer erroneously misconceived the nature of his decision. In addition, the legislative and administrative scheme indicates that the State Board is in no way bound by the recommendations of its designated hearing officer. Compare Coe v. City of Albuquerque, 76 N.M. 771, 418 P.2d 545 (1966).

That the hearing officer misconceived the nature of his decision is demonstrated by his comment that " . . . the State Board is not allowed the luxury of second-guessing the . . . local board . . . ." He obviously felt that the State Board was merely entitled to *review* the decision of the Local Board and was duty bound to affirm it if supported by substantial evidence. Indeed, this was the case

under prior law. Section 77–8–17, N.M.S. A.1953 (Repl.Vol. 11, pt. 1, 1968) ; Fort Sumner Municipal School Board v. Parsons, 82 N.M. 610, 485 P.2d 366 (Ct.App. 1971). However, Laws 1973, ch. 124, § 2 repealed the old § 77–8–17 and enacted a new § 77–8–17 in its stead which provides that "[a]ppeals from the decision of the local school board shall be decided after a de novo hearing before the state board of education. . . . " Section 77–8–17(C), N.M.S.A.1953 (Repl.Vol. 11, pt. 1, 1968, Supp.1973). "The issues to be determined by the state board are as follows: . . . (2) whether the local school board has established, by a preponderance of the evidence presented, that sufficient cause existed for the decision of the local school board." Section 77–8–17(G), N.M.S.A. 1953 (Repl.Vol. 11, pt. 1, 1968 Supp.1973). The "de novo" provisions of the new law allow the State Board to proceed with the action as if it had been originally commenced at the level of the State Board. Cf. City of Albuquerque v. Sanchez, 81 N. M. 272, 466 P.2d 118 (Ct.App.1970). The State Board is thus allowed to make a decision on the evidence presented to it independent of that of the Local Board. Fort Sumner Irrigation District v. Carlsbad Irrigation District, 87 N.M. 149, 530 P.2d 943 (1974) ; Southern Union Gas Co. v. Taylor, 82 N.M. 670, 486 P.2d 606 (1971). To the extent that the hearing officer felt obligated to affirm the decision of the Local Board based on a substantial evidence-like test, he was in error. The State Board did not have to follow his recommendation.

Additionally, the text of the very regulation relied upon by the Local Board supports this conclusion. Immediately following the language that the State Board shall either adopt or modify the hearing examiner's suggestions, the regulation goes on to state that "[i]f it is not satisfied with the report, the Board may order the record transcribed, review the evidence independently, hear new evidence if necessary, and then render its decision." Clearly, this

**14**

gives the State Board wide latitude with regard to the hearing examiner's recommendations.

We hold that the determination of the State Board to wholly alter the suggestions of its hearing officer was in accordance with law.

Oral argument in this case is deemed to be unnecessary.

We have reviewed appellant's other arguments and find them to be without merit. The cause is affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.