318 So.2d 159 (1975)
James Edward TOMERLIN, Appellant,
v.
DADE COUNTY SCHOOL BOARD, Appellee.
No. X-138.
District Court of Appeal of Florida, First District.
August 12, 1975.
Elizabeth du Fresne and Tobias Simon, Miami, for petitioner.
Frank A. Howard, Jr., and Phyllis O. Douglas, Miami, for respondent.
MILLS, Judge.
The Dade County School Board dismissed Tomerlin, an elementary school teacher, for immoral conduct with his nine year old stepdaughter. He appealed to the State Board of Education who sustained his dismissal. He now seeks a review of this decision. The issue here is whether, under the facts of this case, Section 231.36(6), Florida Statutes, which permits dismissal of a teacher for immorality, is constitutional.
Tomerlin's prior record as a teacher was unblemished. He taught children who were under the age of twelve years. After school hours and at his home, Tomerlin performed cunnilingus on his stepdaughter. At the hearing, expert testimony was given *160 that this was an isolated act, which probably would not happen again.
Tomerlin contends Section 231.36(6), Florida Statutes, is void for vagueness. It is not. It regulates the conduct of persons in the teaching profession, and the term "immorality" is sufficiently clear to designate actionable misconduct. It would be impossible for the legislature to set forth and to define every immoral act justifying dismissal of a teacher. Forman v. State Board of Accountancy, 243 So.2d 4 (Fla. App. 1971). Any reasonable person should know that the act performed by Tomerlin was immoral, and was prohibited by the statute.
In addition, Tomerlin contends that the statute is unconstitutional unless it is interpreted to connect his immoral conduct with his job performance. Although Tomerlin's immoral act was done at his home and after school hours, it was indirectly related to his job. His conduct is an incident of a perverse personality which makes him a danger to school children and unfit to teach them. Mothers and fathers would question the safety of their children; children would discuss Tomerlin's conduct and morals. All of these relate to Tomerlin's job performance.
The Florida Bar recommended disbarment of an attorney for immoral conduct with his young stepdaughter, based on that part of his oath which provided he would abstain from all offensive personality. The Supreme Court of Florida agreed, and disbarred the attorney. The Florida Bar v. Hefty, 213 So.2d 422 (Fla. 1968). In Hefty, the facts and the regulatory part of the oath are similar to those in this case.
A school teacher holds a position of great trust. We entrust the custody of our children to the teacher. We look to the teacher to educate and to prepare out children for their adult lives. To fulfill this trust, the teacher must be of good moral character; to require less would jeopardize the future lives of our children.
Under the facts of this case, Section 231.36(6), Florida Statutes, is constitutional.
Certiorari denied.
BOYER, C.J., and McCORD, J., concur.