544 P.2d 1176

Patricia BERTRAND, Appellant,

v.

NEW MEXICO STATE BOARD OF EDU-
CATION, Appellee (two cases).

Nos. 1930, 2067.

Court of Appeals of New Mexico.

Dec. 9, 1975.

Certiorari Denied Jan. 16, 1976.

John P. Davidson, Kastler, Erwin & Davidson, Raton, for appellant.

Toney Anaya, Atty. Gen., William A. L'Esperance, John A. Templeman, Sp. Asst. Attys. Gen., Santa Fe, for appellee.

Robert S. Skinner, Raton, for amicus curiae.

## OPINION

LOPEZ, Judge.

This case involves two appeals arising out of the Raton School Board's decision to discharge a teacher, Patricia Bertrand, for her conviction for distributing marijuana. The first appeal discussed (No. 2067) concerns the due process obligation owed by local school boards when they decide not to renew a contract. The second appeal (No. 1930) raises issues relating to the Criminal Offender Employment Act (§§ 41–24–1 through 41–24–6, N.M.S.A. 1953 (Interim Supp.1974) (hereinafter COEA)) and the relationship between the State Board of Education and local school boards.

### No. 2067

This appeal concerns the Local Board's refusal to give Ms. Bertrand a hearing and a statement of reasons for its refusal to rehire her. The teacher appealed the Local Board's refusal to the State Board, asking them to reverse the Local Board and to give her a hearing. The State Board refused to accept the appeal or grant a hearing.

We do not reach the merits of the teacher's claim because we do not have jurisdiction. Our decision in this matter is controlled by the decision of this court in *Quintana v. State Board of Education*, 81 N.M. 671, 472 P.2d 385 (Ct.App.1970), cert. denied 81 N.M. 668, 472 P.2d 382 (1970). In *Quintana* this court refused to decide an appeal from a decision of the State Board because the Local Board had not held a hearing. The jurisdiction of the State Board is limited to review of decisions of the local school board made after an informal hearing conducted pursuant to § 77–8–16, N.M.S.A.1953 (Repl. Vol. 11, pt. 1, Supp.1973). Section 77–8–17(A), N.M.S.A.1953 (Repl. Vol. 11, pt. 1, Supp. 1973). The jurisdiction of the Court of Appeals is limited to review of decisions of the State Board made under § 77–8–17, N. M.S.A.1953 (Repl. Vol. 11, pt. 1, Supp. 1973). The teacher's remedy in this situation was to pursue mandamus. *Quintana v. State Board of Education,* supra; *Brown v. Romero*, 77 N.M. 547, 425 P.2d 310 (1967).

### No. 1930

Ms. Bertrand was twenty-two years old at the time she began work for the Raton School Board in August of 1974 as a special education teacher for children seven to twelve years old. While a student at the University of New Mexico the preceding spring, she pled guilty to one count of unlawful distribution of marijuana and was placed on probation for one year. When Ms. Bertrand applied for a position with the Raton schools, she answered all questions asked her but did not volunteer any information about her conviction and probationary status. After she had been employed for approximately one month, her probation officer, Mr. Pacheco, contacted the school for an unspecified purpose. Following a meeting of the Superintendent of the Raton Public Schools, Russell Knudson, with the probation officer and Ms. Bertrand, the School Board decided to discharge the teacher, and so informed her. An informal hearing was then held to de-

termine if cause existed for discharging her at which time the decision was affirmed.

The teacher appealed this decision to the State Board. Section 77–8–17, supra. The Board appointed a hearing officer, Leon Karelitz, who determined that the Local Board had failed to act in accordance with the applicable law. He recommended reversal of the Local Board's decision. The State Board heard new evidence, made new findings, and affirmed the Local Board's decision.

■ The school authorities' ability to discharge is found in two sources. One source is the teacher's employment contract which states that employment can be terminated for "good and just cause". The other source is the Criminal Offender Employment Act. Sections 41–24–1 through 41–24–6, supra. COEA is addressed to the problems of employment of those with criminal records. The purpose of COEA is stated to be:

> "The legislature finds that the public is best protected when criminal offenders or ex-convicts are given the opportunity to secure employment or to engage in a lawful trade, occupation or profession and that barriers to such employment should be removed to make rehabilitation feasible." Section 41–24–2, supra.

The general principle is that the state may take convictions into account in making employment decisions, but ". . . such conviction shall not operate as an automatic bar to obtaining public employment." Section 41–24–3(A), supra.

The specific provision regarding termination of employment is framed in terms of two alternative causes:

> "(1) where the applicant, employee or licensee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction directly relates to the particular employment, trade, business or profession; or
>
> "(2) where the applicant, employee or licensee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction does not directly relate to the particular employment, trade, business or profession, if the board or other agency determines, after investigation, that the person so convicted has not been sufficiently rehabilitated to warrant the public trust." Section 41–24–4(A), supra.

The Local Board told Ms. Bertrand that the reason for firing her was her conviction and probationary status. The Local Board was unaware of COEA and it is not contended that it complied with it.

The hearing officer noted the Local Board's noncompliance with COEA. He concluded that there was no direct relationship between the conviction and her employment; that the Local Board had not investigated and determined whether the teacher was rehabilitated; and that, therefore, there was insufficient evidence of good cause to support her discharge.

The State Board affirmed the decision of the Local Board. Before doing so the Board held an evidentiary hearing limited to determining the validity of the Local Board's actions under COEA. As a result of this hearing the State Board made findings that "Bertrand's criminal conviction directly relates to her employment, or profession as a teacher," and that "Bertrand had not been sufficiently rehabilitated to warrant the public trust."

The relationship between the State Board, its hearing officer, and the Local Board forms the pivotal issue of this appeal. The statute which governs appeal from a decision of a local board to the State Board has led to confusion because reference is made in it to both a review function performed by the State Board (§ 77–8–17(G), supra) and to its ability to conduct a hearing de novo (§ 77–8–17(C), supra). The confusion engendered by this peculiar administrative procedure was substantially dispelled by this court's recent decision in *Board of Education of the City of Albuquerque v. New Mexico State Board of*

*Education*, 88 N.M. 10, 536 P.2d 274 (Ct. App.1975) (hereinafter referred to as the *Whitman* case). In that case the court held that the State Board owed no deference to the decision of the local board and it could " . . . proceed with the action as if it had been originally commenced at the level of the State Board."

■ Having concluded that the State Board can remedy the defects in the Local Board's methods by holding a de novo hearing, we must decide whether the Board's findings under COEA were supported by substantial evidence and were in accordance with law. Section 77–8–17(J), supra.

The State Board was subject to the provisions of COEA, because it is an agency which determines eligibility for employment with the state. Section 41–24–3, supra. The Board made two findings under COEA. The findings were that the teacher had not been rehabilitated and that her criminal conviction was directly related to her employment. Either of these grounds alone would have been sufficient to support her discharge. We affirm on the basis of the rehabilitation finding.

The Board found that Ms. Bertrand was not sufficiently rehabilitated to warrant the public trust. The evidence before it was conflicting and a decision in either direction could have been supported by substantial evidence. *Whitman*, supra; *Wickersham v. New Mexico State Board of Education*, 81 N.M. 188, 464 P.2d 918 (Ct.App.1970).

Superintendent Knudson testified about two incidents from which the Board may have concluded that the teacher was not rehabilitated. The first was the meeting with the superintendent and the probation officer. Ms. Bertrand became angry when the probation officer wouldn't let her see her file and made a derogatory comment about the laws and "narcs". The second was the superintendent's recollection of a conversation with her in which he asked how she would handle students asking her about drugs. She told him that she had been confronted with such a situation and that she had told the child that " 'he could get in some trouble because of some bad laws, but for him to do what he wanted' ". Ms. Bertrand also testified and explained that she had meant that the laws were bad in that one could get in trouble because of them, and that she had handled the situation the way that she had to maintain rapport with the child.

■ "Rehabilitation" is not defined in the statute. The statute does create a presumption of rehabilitation after completion of parole, or after a certain period has elapsed after release from prison (§ 41–24–4(B), supra) but Ms. Bertrand is not aided by this section since neither condition applies to her. The term has not been defined in this context by case law. The dictionary definition is "to restore a condition of good health, ability to work, or the like". Random House Dictionary of the English Language (1969). Probative evidence of rehabilitation would include Ms. Bertrand's conscientious and successful performance at both jobs and the parents' perception of her as a person with whom they would trust their children. The incidents described by the superintendent are also probative of what the Board could conclude was a poor attitude towards criminal offenses for one who was a teacher. Finally, the State Board members spoke to Ms. Bertrand at some length themselves and were able to draw their own impressions of her progress towards rehabilitation. In this posture we cannot substitute our judgment for that of the State Board. *Whitman*, supra; *Wickersham v. New Mexico State Board of Education*, supra.

■ The State Board also found that the criminal conviction directly related to Ms. Bertrand's profession. In COEA it is specifically provided that when a decision is made on this basis, the reasons for such a decision must be explicitly stated in writ-

ing. The Board failed to meet this requirement. It is not sufficient for the Board to merely recite the language of § 41–24–4(A)(1), supra. The statute requires that the *"reasons"* for the conclusion that there is a direct relation must be given. It is especially important for a reviewing body to know the reasons for the administrative body's conclusion because the statute here states that an entirely different criterion is relevant when the crime is not related. If the conviction of a crime is to operate as other than an "automatic bar" to employment, the administrative agencies must explain what they perceive the detrimental effect of her employment to be. (See *Comings v. State Board of Education,* 23 Cal.App.3d 94, 100 Cal.Rptr. 73, 47 A.L.R.3d 754 (1972) (conviction of crime alone insufficient for revocation of certification)).

The teacher also argues that because the conduct which formed the basis of her dismissal occurred before she was hired, the school board was therefore estopped from dismissing her because of the conduct. The teacher cites *Roberson v. Board of Education of City of Santa Fe,* 80 N.M. 672, 459 P.2d 834 (1969), in support of this contention. In *Roberson* the school board had actual knowledge of the conduct. In this case it is undisputed that the Local Board did not have knowledge of the conviction until approached by the probation officer. Although the teacher's conviction was a matter of public record, we decline to impute this knowledge to the Board.

The decision is affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I specially concur. The main reason for my special concurrence is that the majority after affirming on the basis of the finding that the teacher had not been rehabilitated, which is the only discussion necessary to the decision, proceeds to discuss the other alternative of the COEA. That discussion is not germane to the decision.