610 P.2d 193

**In the Matter of the GUARDIANSHIP of Travis Eugene ARNALL, a minor:**

**Rebecca THATCHER, aka Becky Thatcher, Plaintiff-Appellant,**

v.

**Charles Eugene ARNALL, Defendant-Appellee.**

**No. 12714.**

Supreme Court of New Mexico.

April 29, 1980.

Ellen Souberman, Mark Dauner, Leo C. Kelly, Albuquerque, for plaintiff-appellant.

Pickard & Singleton, Lynn Pickard, Santa Fe, for defendant-appellee.

## OPINION

SOSA, Chief Justice.

The former opinion in this case, filed March 5, 1980, is withdrawn and this opinion is substituted therefor.

This case was certified to this Court by the Court of Appeals pursuant to Section 34–5–14(C)(2), N.M.S.A.1978. The Court of Appeals was unable to concur in any one opinion, so we are asked to finally determine the issues presented. The issues are: (1) whether the district court, not sitting as children's court, has jurisdiction over disputes concerning guardianship, paternity, and termination of parental rights, and (2) whether the trial court's termination of the parental rights of the natural mother violated procedural due process. We decide that the court had jurisdiction, but that the procedural due process rights of the natural mother were violated when her parental rights were terminated.

The maternal grandparents of Travis Eugene Arnall, an infant, filed a petition in the District Court of Bernalillo County, seeking guardianship of the infant. Rebecca Thatcher, the natural mother, consented to the action. The putative father, Charles Eugene Arnall, filed a petition in the same court for custody and guardianship of the child. The mother responded by denying his paternity. After trial, the court found paternity, granted guardianship to the father, and terminated the parental rights of the mother in accordance with Section 40–7–4(A)(2) and (3), N.M.S.A.1978, of the Adoption Act (current version at § 40–7–4(B), N.M.S.A.1978 (Cum.Supp.1979)).

The appellant, Rebecca Thatcher, now challenges the jurisdiction of the district court to determine issues concerning parental rights and the guardianship of minors. She contends that the Legislature has given the children's court division of the district court exclusive jurisdiction over termination proceedings and guardianship of minors, and therefore the district court, not sitting as children's court, cannot determine these issues.

Section 32–1–9(B), N.M.S.A.1978, of the Children's Code, Sections 32–1–1 et seq., N.M.S.A.1978, provides:

The court has *exclusive original jurisdiction* of the following proceedings under other laws which will be controlled by the provisions of the other laws without regard to provisions of the Children's Code:

(1) for the termination of parental rights;

(2) for the adoption of a minor;

. . . . .

(5) to determine the custody of, or to appoint a custodian or a guardian for a minor. (Emphasis added.)

"Court" is defined as the "children's court division of the district court . . . ." § 32–1–3(C), N.M.S.A.1978 (current version at § 32–1–3(C), N.M.S.A.1978 (Cum.Supp. 1979)).

The father argues that Section 32–1–9(B) is unconstitutional under the New Mexico Constitution, and therefore the district court, not sitting as children's court, did have jurisdiction run in.

N.M.Const. Art. VI, § 1 provides:

The judicial power of the state shall be vested in . . . a supreme court, a court of appeals, district courts; probate courts, magistrate courts and such other courts inferior to the district courts as may be established by law from time to time in any district, county or municipality of the state.

N.M.Const. Art. VI, § 13 provides:

The *district court shall have original jurisdiction in all matters* and causes not excepted in this constitution, and such jurisdiction of special cases and proceedings as may be conferred by law . . . . (Emphasis added.)

The question we must decide, therefore, is whether the Legislature can constitutionally limit the power of the district court in some matters to a particular division of the court. We decide that it cannot.

■ Though the district court as a whole still retains "original jurisdiction" over these matters, particular divisions of the court would be left with a more limited jurisdiction. Such an interference in the original jurisdiction of a court of general jurisdiction is constitutionally impermissible. In order to construe the statutory language in a constitutional manner, *State ex rel. Norvell v. Credit Bur. of Albuquerque, Inc.*, 85 N.M. 521, 514 P.2d 40 (1973), we find that the words "exclusive original jurisdiction" used in Section 32–1–9(B) were not intended to limit or abrogate the jurisdiction of the district court. *See In re Santillanes*, 47 N.M. 140, 138 P.2d 503 (1943). District courts thus have subject matter jurisdiction to decide matters concerning paternity, guardianship of minors and termination of parental rights. It is, of course, proper and preferable that guardianships of minors, termination proceedings and other matters enumerated in Section 32–1–9(B) be brought in children's or family court. But the failure to do so does not constitute a jurisdictional defect.

■ After a hearing, the trial court terminated the parental rights of the natural mother in accordance with Section 40–7–4(A)(2) and (3). This was error. The issue of termination of parental rights was not raised in the pleadings, nor was it properly tried. The first time it was mentioned was after closing arguments, when counsel for the father made an oral motion that the parental rights of the mother be terminated. Although an objection was not made by the mother's counsel at that time, we nonetheless consider the issue because it is necessary to do so in order to protect her fundamental rights. *DesGeorges v. Grainger*, 76 N.M. 52, 412 P.2d 6 (1966). The mother was never given notice that the continuation of her parental rights were at issue; she did not have a full opportunity to prepare her case and consequently was not given a full and fair hearing. *Tuttle v. Tuttle*, 66 N.M. 134, 343 P.2d 838 (1959).

In *Tuttle*, the husband filed a motion asking that the wife be held in contempt for removing their children from the state contrary to the terms of their divorce decree. The wife then filed a motion to have the divorce decree amended to allow her to remove the children to her home in Texas during the months when she had custody. The court, after a hearing, awarded exclusive custody to the father. This Court reversed, because the parties were not given a full opportunity to be heard on the issue of custody, which was not raised by the pleadings. The same considerations apply to this case. The court must afford the parties proper procedural protection.

This case is reversed and remanded to the district court for further proceedings consistent with this opinion.

EASLEY and PAYNE, JJ., concur.