614 P.2d 14

**Helena G. McCOY, Petitioner-Appellant,**

v.

**NEW MEXICO REAL ESTATE COMMISSION, Respondent-Appellee.**

No. 12858.

Supreme Court of New Mexico.

July 22, 1980.

Smidt & Tucker, Thomas Smidt, II, Albuquerque, Kenneth C. Leach, Albuquerque, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., Vernon O. M. Henning, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

EASLEY, Justice.

McCoy appeals from the judgment of the trial court which affirmed the decision of the New Mexico Real Estate Commission (Commission) revoking McCoy's real estate brokers license. We reverse.

We address the issue of whether McCoy was accorded procedural due process when the Commission gave notice and heard McCoy's license revocation case on the basis of a statute involving conviction of a felony "related" to real estate dealings, and later in district court changed the basis for revocation to a statute involving conviction of a felony "not directly related" to the real estate business.

McCoy was convicted of conspiracy to import marijuana, a fourth-degree felony. The Commission sent McCoy a Notice of Contemplated Action, charging her with violation of the Real Estate Brokers and Salesmen Act, Section 61–29–12(F), N.M. S.A. 1978 (Repl. Pamp. 1979). This statute provides that the Commission can revoke a broker's license upon conviction of a felony "which is related to dealings as a real estate broker or a real estate salesman."

At the hearing before the Commission to consider the charge, the only evidence taken concerned McCoy's entry of a plea of *nolo contendere* to the felony charge and whether this constituted grounds for revocation of her license pursuant to Section 61–29–12(F).

The Commission concluded that it did constitute adequate grounds and revoked her license for one year, after which time the Commission stated that McCoy could reapply for licensure.

On appeal, the trial court granted McCoy's motion for a stay of the Commission's action and held a hearing on the Commission's motions to vacate the stay and dismiss the action and on McCoy's motion for summary judgment. At this hearing the Commission argued for the first time that regardless of the validity of its decision to revoke McCoy's license pursuant to the Real Estate Brokers and Salesmen Act, Section 61–29–12(F), N.M.S.A. 1978, its decision should be affirmed on the basis of the Criminal Offender Employment Act, Section 28–2–1 to 28–2–6, N.M.S.A. 1978 (COEA). The COEA provides, among other things, that a state agency having such jurisdiction may revoke the license of someone engaged in a regulated trade or business when the licensee has been convicted of a felony "not directly relate[d] to [his] particular . . . business . . . if the . . . agency determines, after investigation, that the person so convicted has not been sufficiently rehabilitated to warrant the public trust." § 28–2–4(A)(2). The COEA provides further that the "agency shall explicitly state in writing the reasons for a decision which prohibits the person from engaging in . . . [his] business." § 28–2–4(B). The trial court's order affirming the Commission's decision included a reference to the applicability of the COEA despite the facts that the Commission's decision had not been based on the COEA, that McCoy had not been given notice or a hearing on its relevance to her case, and that the court's decision made no pretense of complying with Section 28–2–4(A)(2).

▮ The Commission no longer disputes that the Real Estate Brokers and Salesmen Act is restricted to felonies committed by licensees relating to their dealings in real estate as brokers or salespeople. In effect, the Commission admits that it revoked McCoy's license pursuant to a statute irrelevant to the facts at hand. But, the Commission argues, the principle that reviewing courts correct only prejudicial errors, is applicable here. In sum, the Commission asserts that McCoy was not prejudiced by its failure to charge her with, conduct proceedings pursuant to, and revoke her license under the relevant statute. We disagree.

The COEA provides that the state agency having the power to revoke a trade or business license of the licensee convicted of a felony must, before doing so, investigate and determine that the person "has not been sufficiently rehabilitated to warrant the public trust." No such investigation or determination was ever made in this case. It is possible that McCoy could have demonstrated sufficient rehabilitation to warrant her retention of her broker's license. Further, the COEA provides that the Commission "*shall* explicitly state in writing the reasons for a decision which prohibits" the licensee from engaging in his trade or business. (Emphasis added.) This language is mandatory.

The only New Mexico case dealing with the COEA is *Bertrand v. New Mexico State Board of Education*, 88 N.M. 611, 544 P.2d 1176 (Ct.App.1975), *cert. denied*, 89 N.M. 5, 546 P.2d 70 (1976). The Court of Appeals there noted that the purpose of the COEA was to give criminal offenders opportunities to secure and maintain employment in order to further their rehabilitation. "If the conviction of a crime is to operate as other than an 'automatic bar' to employment," the relevant state agency must state the reasons for the conclusion that the criminal offender cannot maintain or pursue their employment. *Id.* at 615, 544 P.2d at 1180. Thus, the Court of Appeals concluded, the COEA requires that these reasons be explicitly stated in writing.

We reverse the trial court's affirmance of the Commission's decision not only because of the prejudicial error committed by the Commission and its failure to follow the procedures established by the COEA, but because of the Commission's failure to conform to the fundamental requirements of due process. This Court only recently held

that procedural due process requires notice and an opportunity to prepare one's case and be heard on it. In *The Matter of Arnall*, 19 St.B.Bull 434, N.M., 610 P.2d 193 (1980), we were faced with a similar set of facts as in the case at bar. There, the trial court terminated the parental rights of the mother despite the fact that the issue had not been raised in the pleadings nor tried. The first time the issue was raised was after closing arguments. In *Arnall*, at 435–6, 610 P.2d at 195, we stated:

> The mother was never given notice that the continuation of her parental rights were at issue; she did not have a full opportunity to prepare her case and consequently was not given a full and fair hearing. *Tuttle v. Tuttle*, 66 N.M. 134, 343 P.2d 838 (1959).

Embodied in the term "procedural due process" is reasonable notice and opportunity to be heard and present any claim or defense. *In re Nelson*, 78 N.M. 739, 437 P.2d 1008 (1968); U.S.Const. Amends. V and XIV. As concerns the revocation of McCoy's license pursuant to the COEA, these fundamental requirements were clearly not met.

We reverse.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.