670 P.2d 950
**NEW MEXICO BOARD OF PHARMA-CY, Petitioner, Appellant,**

v.

**John REECE, Respondent, Appellee.**

**No. 14738.**

Supreme Court of New Mexico.

Oct. 13, 1983.

Frank P. Dickson, Jr., Albuquerque, for petitioner, appellant.

C.N. Morris, Silver City, for respondent, appellee.

## OPINION

RIORDAN, Justice.

John Reece (Reece) sought reinstatement of his previously revoked certificate to practice pharmacy in New Mexico (Certificate) from the New Mexico Board of Pharmacy (Board). The Board refused to reinstate Reece's Certificate and refused to issue him a new Certificate. The district court reversed the Board's decision and remanded the case to the Board. The Board appeals. We affirm.

The issue on appeal is whether the Board erred by failing to make findings regarding Reece's rehabilitation and by failing to state why he should be prevented from practicing pharmacy.

In 1976, Reece, a pharmacist then registered in New Mexico, was charged in federal court with the illegal transportation of a controlled substance, morphine, in interstate commerce. On January 10, 1977, the Board revoked Reece's Certificate based upon Reece's conviction on the federal charges. In early 1982, Reece sought to have his Certificate reinstated. On March 10, 1982, the Board served Reece with a "Notice of Contemplated Action" to advise Reece that the Board was considering action which would deny reinstatement of his Certificate, and to advise Reece that he had the right to a hearing on the matter. At Reece's request, a hearing was held. The Board denied reinstatement of Reece's Certificate and denied modification of its prior decision revoking the Certificate. Reece filed a petition for review of the Board's decision in district court. The district court reversed the Board's decision and remanded the case to the Board to hear evidence and make findings as to whether grounds existed for denying reinstatement of Reece's Certificate.

The Criminal Offender Employment Act (Act), NMSA 1978, Sections 28–2–1 through 28–2–6 (Repl.Pamp.1983), governs the Board's proceedings in reaching its decisions. Section 28–2–4 provides in pertinent part:

A. Any board or other agency having jurisdiction over employment by the state or any of its political subdivisions or the practice of any trade, business or profession may refuse to grant or renew, or may suspend or revoke, any public employment or license or other authority to engage in public employment, trade, business or profession for any one or any combination of the following causes:

(1) where the applicant, employee or licensee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction directly relates to the particular employment, trade, business or profession; or

(2) where the applicant, employee or licensee has been convicted of a felony or a misdemeanor involving moral turpitude and the criminal conviction does not directly relate to the particular employment, trade, business or profession, if the board or other agency determines, after investigation, that the person so convicted has not been sufficiently rehabilitated to warrant the public trust.

The Board claims that where the crime committed by an applicant directly relates to the profession, Subsection 28–2–4(A)(1) authorizes the Board to simply refuse to grant reinstatement even though the applicant has been rehabilitated. The Board therefore argues that it was authorized to refuse to reinstate Reece's Certificate because the Board determined that the crime for which Reece was convicted directly relates to the practice of pharmacy. We disagree.

The purpose of the Act, Section 28–2–2, provides:

The legislature finds that the public is best protected when criminal offenders or ex-convicts are given the opportunity to secure employment or to engage in a lawful trade, occupation or profession and that barriers to such employment should be removed to make rehabilitation feasible.

Section 28–2–2 makes clear the legislative intent to encourage the rehabilitation of criminal offenders by removing barriers to their employment. The Board's interpretation of Subsection 28–2–4(A)(1) would allow the Board to deny issuance or reinstatement of a Certificate to a *rehabilitated* criminal offender solely on the grounds that the crime directly relates to the profession, thereby frustrating the purpose of the Act. The Board's interpretation permits the commission of a crime directly related to a profession "to operate as * * * an 'automatic bar' to employment," which we determine to be improper. *Bertrand v. New Mexico State Board of Education,* 88 N.M. 611, 615, 544 P.2d 1176, 1180 (Ct.App.1975), *cert. denied,* 89 N.M. 5, 546 P.2d 70 (1976) (citation omitted).

■ The Board is correct that Section 28–2–4 distinguishes between crimes that directly relate to a profession and crimes that do not directly relate to a profession. However, we determine that the distinction under Section 28–2–4 between the treatment of crimes that directly relate to a profession and crimes that do not directly relate to a profession concerns the burden of proof. Under Subsection 28–2–4(A)(1), an *applicant* for issuance or reinstatement of a Certificate has the burden of proving that he or she *has been* sufficiently rehabilitated. Under Subsection 28–2–4(A)(2), there is a presumption of rehabilitation and the *board* or *agency* has the burden of proving an applicant for issuance or reinstatement of a Certificate *has not been* sufficiently rehabilitated.

■ The record indicates that Reece offered evidence of his rehabilitation. However, the Board did not mention any of this evidence in its decision. Moreover, the only finding made by the Board was that since the crime is "directly related" to the profession, it was not required to reinstate Reece's Certificate. We do not know what the Board's findings were as to the issue of rehabilitation. The Board's decision to deny reinstatement of Reece's Certificate was apparently based solely upon the Board's determination that the crime for which Reece was convicted directly relates to the practice of pharmacy. The Board argues that under Subsection 28–2–4(B), it was only required to state in writing the reasons for the Board's determination that the crime for which Reece was convicted directly relates to the practice of pharmacy. We disagree.

Subsection 28–2–4(B) (emphasis added), provides in part:

> The board or other agency shall explicitly state in writing the *reasons for a decision which prohibits the person from engaging in the employment, trade, business or profession,* if the decision is based in whole or part on conviction of any crime [that directly relates to the particular employment, trade, business, or profession].

In *Bertrand,* the Court of Appeals upheld a public school teacher's dismissal for a conviction of distributing marijuana on grounds that the teacher had not been rehabilitated. However, the Court of Appeals determined that where a board decides that the crime committed directly relates to the profession, it must state its reasons for concluding that there is a direct relation. The Court of Appeals further determined that "administrative agencies must explain what they perceive the detrimental effect of * * employment to be." *Bertrand,* 88 N.M. at 615, 544 P.2d at 1180. In *McCoy v. New Mexico Real Estate Commission,* 94 N.M. 602, 603, 614 P.2d 14, 15 (1980), which involved the commission of a crime (conspiracy to import marijuana) not directly related to the profession (real estate brokerage), we cited *Bertrand,* and stated that in order to prevent the conviction of a crime from operating as an automatic bar to employment, "the relevant state agency must state the reasons for the conclusion that the criminal offender cannot maintain or pursue * * employment." We find the language of *Bertrand* and *McCoy* persuasive and now determine that Subsection 28–2–4(B) requires the Board to state the reasons for its decision that the crime for which Reece was convicted directly relates to the practice of pharmacy, and also the reasons, if any, why

Reece has not been rehabilitated and why he should be prevented from practicing pharmacy. We determine that by failing to state the reasons for its decision preventing Reece from being re-certified and therefore re-employed as a pharmacist, the Board has failed to comply with the requirements of Subsection 28–2–4(B).

Therefore, the district court's decision is affirmed. This case is remanded to the Board for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

DAN SOSA, Jr., Senior Justice, and STOWERS, J., concur.