This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHERYL BARTH,**

Plaintiff-Appellant,

**v.**                                                            **NO. 29,865**

**DR. VERONICA GARCIA,**
**NEW MEXICO SECRETARY**
**OF EDUCATION, and NEW**
**MEXICO PUBLIC EDUCATION**
**DEPARTMENT,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Montoya Law Inc.
Dennis W. Montoya
Rio Rancho, NM

for Appellant

Gary K. King, Attorney General
David Tourek, Assistant Attorney General
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Plaintiff appeals from an order granting summary judgment in Defendants' favor. In this Court's notice of proposed summary disposition, we proposed to affirm. Plaintiff has timely filed a memorandum in opposition. We have considered the Plaintiff's arguments, and as we are not persuaded by her analysis, we affirm.

**The Dismissal of Plaintiff's Prior Suit in District Court**

In Plaintiff's docketing statement, she asserted that the district court erred in dismissing her previous action without prejudice based on Plaintiff's failure to exhaust her administrative remedies. [DS 5] In our notice of proposed summary disposition, we proposed to conclude that this issue was not properly before this Court for review because Plaintiff had failed to timely appeal from the order of dismissal. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that a timely notice of appeal is a mandatory precondition to the exercise of this Court's jurisdiction). Plaintiff's memorandum in opposition does not address this issue, and we therefore hold that any claim of error with regard to the prior dismissal is not before us on appeal.

**Plaintiff's Due Process Claims**

Plaintiff's second issue asks whether due process permits a license revocation without any hearing or appeal. [DS 5] This is a legal issue that we review de novo. *See Maso v. N.M. Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 18, 135 N.M. 152, 85 P.3d 276. "Embodied in the term 'procedural due process' is reasonable notice and opportunity to be heard and present any claim or defense." *McCoy v. N.M. Real Estate Comm'n,* 94 N.M. 602, 604, 614 P.2d 14, 16 (1980). Plaintiff in this case received notice of Defendants' intent to revoke her license [RP 57-66], and she does not challenge the sufficiency of the notice. Instead, Plaintiff argues that because she never requested a hearing, she was somehow denied one by Defendants. We disagree. Plaintiff was entitled to request a hearing within twenty days of receipt of the notice. *See* NMSA 1978, § 61-1-4 (2003). Plaintiff simply failed to do so. Her own inaction does not constitute a due process violation by Defendants. *See Maso*, 2004-NMCA-025, ¶¶ 18-22 (holding that when adequate notice is provided, there is no due process violation when a licensee fails to contest the proposed revocation of his or her license).

Plaintiff argues that Section 61-1-4(E) deprived her of due process, since it states that if a licensee fails to request a hearing, "the board may take the action contemplated in the notice and such action shall be final and not subject to judicial

review." [MIO 27-30] We are not persuaded. Where a party fails to request a hearing, there is nothing to appeal, since there is no record for an appellate tribunal to review. As appellate courts routinely decline to review issues for which there is no record made below, we decline to hold that the Legislature's refusal to grant judicial review in the absence of a record is an unconstitutional deprivation of due process. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that the parties may not rely on appeal on facts that were not presented to the factfinder).

Plaintiff argues that she was deprived of due process when the Defendants refused to grant her motion for a hearing after her license had already been revoked. [MIO 19-26] We find no due process violation. NMSA 1978, Section 61-1-15 (1981) provides that "[w]here because of accident, sickness or other cause a person fails to request a hearing . . . the person may within a reasonable time apply to the board to reopen the proceeding, and the board upon finding such cause sufficient" shall grant the licensee a hearing. Plaintiff received the decision revoking her license on September 6, 2006. [RP 69] Rather than filing a motion to reopen the hearing, more than a year later, on September 27, 2007, she filed a complaint in the district court. [RP 73] She did not file a motion pursuant to Section 61-1-15 until March 28, 2008. [RP 73] In her motion, she asserted that the reason she had not sought a hearing was

"due to a mistake she had made regarding the hiring of an attorney." [RP 114] Her motion did not explain what this mistake was, why it should be considered a sufficient basis for her failure to timely file a request for hearing in the first instance, or why it prevented her from filing her motion for more than a year. Defendants denied Plaintiff's motion to reopen the hearing. [RP 72-80] Plaintiff could have filed a petition for certiorari pursuant to Rule 1-075 NMRA to seek review of Defendants' refusal to grant her motion, but she apparently did not do so. Plaintiff's own failures to take advantage, first, of her opportunity to request a hearing, and second, to file a petition for certiorari to seek review of the denial of her motion to hold a hearing pursuant to Section 61-1-15 do not constitute a deprivation of due process by Defendants.

**Whether Negligence of Counsel Required Defendants to Reopen the Hearing**

Plaintiff contends that negligence of counsel should not be a constitutionally permissible basis for finding a waiver or default in a proceeding to revoke a license. [DS 5; MIO 20-22] First, we note that Plaintiff's motion to reopen the hearing did not actually assert that her attorney was negligent, instead claiming that Plaintiff had made a mistake in the choice of her attorney. [RP 114] She did not explain what the attorney did or said that was negligent, and there is nothing in Plaintiff's motion to indicate that Plaintiff did not herself make the decision to tell her attorney not to seek

6

a hearing. Even if we assume, however, that Plaintiff's counsel was negligent in failing to seek a hearing, Plaintiff has cited no authority to support her argument that she should not be bound by her attorney's default, and New Mexico cases have clearly held otherwise. *See Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 325, 901 P.2d 738, 743 (1995) (affirming a default judgment that was entered after an attorney simply failed to respond to the complaint, because parties "are deemed bound by the acts and failures of their lawyers"). Therefore, we find no due process violation in the denial of Plaintiff's motion to reopen her hearing based on her attorney's negligence.

To the degree that Plaintiff relies on a distinction between the standard applied for reopening a default pursuant to Rules 1-055(C) and 1-060(B) NMRA, it seems that Plaintiff has misunderstood the standards applied under those rules. Under Rule 1-055, if a default has only been entered by the court clerk pursuant to Rule 1-055(A), the default may be reopened ("for good cause shown." *See* Rule 1-055(C) "For good cause shown, a court may set aside an entry of default . . . ."). However, once a default judgment has been signed by a judge and filed, a final judgment has been entered and the standard for reopening the judgment is that supplied by Rule 1-060. *See* Rule 1-055(C) ("[I]f a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 1-060 NMRA."); *see also DeFillippo v. Neil*, 2002-NMCA-085, ¶¶ 15-21, 132 N.M. 529, 51 P.3d 1183 (explaining that an

7

entry of default by the clerk is procedurally distinct from an entry of a judgment by default and that a judgment by default is a final judgment that may only be opened pursuant to the standards established in Rule 1-060(B)).

Here, the Defendants' revocation of Plaintiff's license was a final judgment, and to the degree that either Rule 1-055 or Rule 1-060 would provide guidance for the standard to be used for reopening a hearing under Section 61-1-15, both Rule 1-055(C) and Rule 1-060(B) indicate that the standard to reopen a final judgment is that supplied by Rule 1-060(B). Under that rule, an attorney's negligence is generally not a valid reason for reopening a judgment, unless it was due to excusable neglect. *See Kinder Morgan CO2 Co., L.P. v. N.M. Taxation & Revenue Dep't*, 2009-NMCA-019, ¶¶ 12-13, 145 N.M. 579, 203 P.3d 110 (filed 2008). Plaintiff's motion did not provide information sufficient to evaluate whether the attorney's conduct constituted excusable neglect and was filed more than a year after Defendants' decision, and so, even under this standard, we would find no abuse of discretion in the Defendants' refusal to reopen the hearing. *See* Rule 1-060(B) (stating that motions under Rule 1-060(B)(1) must be made within a year of the judgment sought to be reopened).

8

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**