## Ex parte WILLIAM ROY FARR.

No. A-11065.   Oct. 13, 1948.

(198 P. 2d 748.)

William Roy Farr, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J.  This is an original proceeding in habeas corpus by the petitioner, William Roy Farr, who is confined in the Oklahoma State Penitentiary at McAlester.

In the verified petition it is alleged that on September 15, 1945, the petitioner entered a plea of guilty to the charge of burglary in the second degree in the district

court of Oklahoma county, and the said judgment and sentence of two years imposed upon his plea of guilty was suspended during his good behavior. Subsequent thereto, on December 11, 1945, the petitioner entered his plea of guilty to the crime of burglary in the second degree after former conviction of a felony and was sentenced to serve ten years in the State Penitentiary. On December 20, 1945, the district court of Oklahoma county entered an order revoking the suspended sentence of the petitioner and directing his commitment to the Penitentiary.

The petitioner contended that the order revoking the suspended sentence having been made eleven days after the petitioner was sentenced for the crime of burglary in the second degree after former conviction of a felony, the sentence of ten years is excessive and without the jurisdiction of the district court for the reason that the two year sentence for burglary in the second degree had been suspended and was not effective so as to authorize the court to enlarge his punishment upon a plea of guilty to burglary in the second degree after a former conviction of a felony, which former conviction was based upon the suspended sentence which had been given.

In the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 168, it is held:

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute."

Petitioner is in error in thinking that he was not a duly convicted person after the suspension of his sentence. While under the suspended sentence he was not freed from the legal consequences of his guilt. He was

merely enjoying a conditional favor bestowed by the district court which postponed his punishment upon certain conditions, which postponement might have been withdrawn at any time within the discretion of the court. The county attorney was therefore authorized at anytime subsequent to the sentencing of the petitioner even though the sentence was suspended in charging the petitioner with committing a crime after a former conviction of a felony.

The petitioner further alleges that the sentence which was imposed upon him is excessive and asks this court to reduce it. The sentence of ten years imposed upon petitioner to the plea of guilty after a former conviction of burglary in the second degree was the minimum sentence which could be pronounced under the law for such crime. Tit. 21 O. S. 1941 § 51.

Furthermore, it is well settled that in a habeas corpus proceeding, the Criminal Court of Appeals is without authority to reduce the punishment, but is limited in its inquiry as to whether the judgment and sentence pronounced against the accused was without authority of law. The inquiry is addressed to jurisdictional matters only and may not be used to perform the office of appeal. Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

The writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.