424 P.2d 804

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Francisco LARRANAGA, Defendant-Appellant.**

**No. 8295.**

Supreme Court of New Mexico.

March 6, 1967.

E. T. Johnson, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Judge, Court of Appeals.

This is a proceeding under § 21–1–1(93) and § 41–15–8 N.M.S.A.1953, to set aside a judgment and enhanced sentence imposed under the habitual criminal act, § 41–16–1, N.M.S.A., 1953, now repealed (present law § 40A–29–5, N.M.S.A.1953).

This case, although originally filed in the Court of Appeals, was transferred to the Supreme Court, jurisdiction being in it. See State v. Weddle, 77 N.M. 420, 423 P.2d 611, decided February 6, 1967.

The defendant, Francisco Laranaga, was convicted in 1962 upon a plea of guilty of assault with a deadly weapon and was sentenced to the state penitentiary for a term of one to three years, which sentence was suspended and the suspension has not been revoked. On the 11th day of March, 1963, defendant was convicted upon his guilty plea of manslaughter and on the same date was charged and entered a plea of guilty of being an habitual criminal by reason of the previous conviction in 1962. Defendant was sentenced as an habitual criminal with one prior conviction in accordance with § 41–16–1, supra.

Defendant moved the trial court to vacate the sentence upon the ground that the 1962 conviction followed by a suspended sentence, unrevoked, should not have been considered a conviction for the purpose of enhancing punishment under the habitual criminal act. Defendant's motion was denied by the trial court and this appeal followed.

It is urged here as in the court below that defendant's 1962 conviction followed by an unrevoked suspended sentence is not a conviction within the purview of the habitual criminal act and accordingly the trial court erred in denying defendant's motion to set aside the enhanced sentence.

In our opinion, the action of the trial court in denying defendant's motion should be affirmed.

The pertinent portion of the statute, § 41–16–1, supra, under which the sentence was imposed provides: "Any person who, after having been convicted within this state, of a felony, * * * commits any felony, within this state, shall be punished upon conviction of such second offense as follows: * * *" In our opinion, the "conviction" to which the statute refers is simply a finding of guilt and does not include the imposition of a sentence. We approve the meaning attributed to the word "convicted" as stated by the Supreme Court of Idaho in State v. O'Dell, 71 Idaho 64, 225 P.2d 1020 (1950) as follows:

"'Convicted' as ordinarily used in legal phraseology as indicating a particular phase of a criminal prosecution, includes the establishing of guilt whether by accused's admission in open court by plea of guilty to the charges presented, or by a verdict or finding of a court or jury."

We have held that a plea of guilty constitutes a legal conviction within the mean-

ing of the habitual criminal act, § 41–16–1, supra, French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964); State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966). In neither of these cases was it intimated that in addition to the plea of guilty imposition of punishment was necessary in order to constitute a conviction under the act.

We accept the reasoning of the Supreme Court of Michigan in People v. Funk, 321 Mich. 617, 33 N.W.2d 95, 5 A.L.R.2d 1077 (1948) wherein the court said:

"Defendant urges that his 1938 conviction is not a conviction within the meaning of the habitual criminal act, to be considered for the enhancement of his punishment as a habitual offender, because sentence was never imposed thereon. 3 Comp.Laws 1929, § 17340, Sta.Ann. § 28.-1084, provides for enhancement of the punishment due a person convicted of a felony when he has been theretofore '* * * three [3] times *convicted* * * of felonies * * *.' The statute does not make imposition of sentence upon the previous convictions a prerequisite to the enhancement of punishment upon the fourth conviction. The conviction is the finding of guilt. Sentence is not an element of the conviction but rather a declaration of its consequences."

See also Commonwealth ex rel. Trotter v. Hendrick, 197 Pa.Super. 230, 177 A.2d 162 (1962); State v. McCall, 27 N.J.Super. 157, 99 A.2d 153 (1953); Winn v. Commonwealth, 303 S.W.2d 275, Ky. (1957); Ex parte Farr, 87 Okl.Cr. 411, 198 P.2d 748 (1948); Tanzer v. United States, (9th Cir. 1960), 278 F.2d 137; People v. Barwick, 7 Cal.2d 696, 62 P.2d 590 (1936); People v. Clapp, 67 Cal.App.2d 197, 153 P.2d 758 (1944); People v. Rave, 364 Ill. 72, 3 N.E. 2d 972 (1936); State v. Olson, 200 Iowa 660, 204 N.W. 278 (1925).

We are not inclined to follow the reasoning of the cases which have adopted the view that a conviction followed by suspended sentence does not have the essential finality necessary to render it available to enhance the penalty under habitual criminal acts. A number of such cases are collected in the Anno. 5 A.L.R.2d 1080.

We have considered all grounds presented by the motion filed by defendant and find the same to be without merit. Judgment is affirmed, and

It is so ordered.

MOISE and COMPTON, JJ., HENSLEY, C. J., Court of Appeals, and OMAN, J., Court of Appeals, concur.