445 P.2d 749

STATE of New Mexico, Plaintiff-Appellee,

v.

Ernest LUJAN, Defendant-Appellant.

No. 186.

Court of Appeals of New Mexico.

Sept. 20, 1968.

526

Robert A. Johnson, Atwood & Malone, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21-1-1(93), N.M.S.A.1953 was denied without a hearing; he appeals. He was convicted of a narcotics offense in 1960. His conviction in 1965 and sentence as a second narcotics offender was affirmed in State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966). Post-conviction relief was denied in State v. Lujan, 79 N.M. 200, 441 P.2d 497 (1968). He now attacks the validity of his sentence as a second offender on three grounds..

■ 1. Defendant asserts the criminal information which charged the second narcotics offense alleged that he had been previously convicted of a narcotics offense. He claims that this allegation deprived him of due process and equal protection of the laws. This issue was not presented to the trial court and cannot be raised here for the first time. See State v. Gonzales (Ct. App.), 79 N.M. 414, 444 P.2d 599, decided August 9, 1968, and cases therein cited. However, we note that a similar contention concerning an habitual offender allegation was decided against defendant in State v. Lujan, 441 P.2d 497, supra.

■ 2. According to defendant's motion, he was on parole under his sentence as a first narcotics offender, but had not completed that first sentence, when he committed the second narcotics offense. He contends that he could not be sentenced as a second offender until he had completed his sentence as a first offender.

Related contentions under our habitual offender laws were found without merit in State v. Larranaga, 77 N.M. 528, 424 P.2d 804 (1967) and Shankle v. Woodruff, 64 N.M. 88, 324 P.2d 1017 (1958). Defendant attempts to distinguish these decisions. He claims the habitual offender statutes considered in Larranaga and Woodruff authorized enhanced penalties upon "conviction" of subsequent felonies; that the narcotic offender statute does not require "conviction" of defendant as a second offender, but only that there be a second narcotics "offense".

This argument is based on a misreading of the statute. Section 54-7-15, N.M.S.A. 1953 provides for sentences, the length of which depends upon the number of offenses involved. The opening paragraph of § 54-7-15, supra, states that the penalties subsequently stated are to be imposed "upon conviction". Defendant's sentence as a second narcotics offender was imposed after he was convicted of that second offense; the fact that his first sentence as a narcotics offender had not been completed did not prevent imposition of that sentence. State v. Larranaga, supra; Shankle v. Woodruff, supra.

3. Defendant claims that his sentence as a second narcotics offender violates due

process and denies him equal protection of the law because of non-enforcement of our habitual offender law. This claim is based on the fact, judicially noticed by the trial court, that since State v. Dalrymple, 75 N. M. 514, 407 P.2d 356 (1965) the District Attorney has not instituted any habitual offender proceedings in Chaves County.

█ Defendant has been sentenced as a second narcotics offender under the statute applicable in his case, § 54–7–15, supra. The habitual offender statute is not applicable to defendant's narcotics offenses. See State v. Lujan, 76 N.M. 111, 412 P.2d 405, supra. We fail to see how non-enforcement of an inapplicable statute has violated any right of defendant under the concept of due process. Defendant must show how he has been denied due process. He has not done so. The due process claim does not present an issue for decision. See State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967).

█ Lack of uniformity in enforcement of the law does not excuse a particular defendant's violation of the law and does not deprive a particular defendant of equal protection of the law. Thus, a defendant was not denied equal protection of the law because he received an enhanced sentence as an habitual offender while others, similarly situated, did not. State v. Baldonado, 79 N.M. 175, 441 P.2d 215 (Ct.App.1968). If persons subject to the same law are not denied equal protection by non-uniform enforcement of that law, then Lujan is not denied equal protection when sentenced under the applicable statute (narcotic offender) because of non-enforcement of an inapplicable statute (habitual offender). See State v. Baldonado, supra, and cases therein cited.

The order denying relief is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.