568 P.2d 190

**Orlando PADILLA, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 11465.

Supreme Court of New Mexico.

Aug. 10, 1977.

Rehearing Denied Aug. 24, 1977.

Jan Alan Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Douglas A. Barr, Asst. Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

Defendant was convicted of robbery in 1976 and charged additionally as an habitual offender under § 40A–29–5, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972). The supplemental information alleged a prior conviction in 1972. Defendant moved to dismiss the supplemental information on the grounds that the sentence for the 1972 conviction was deferred by the court, that defendant had successfully completed the deferred sentence, and that the 1972 case had been dismissed prior to the subsequent habitual-offender charge in 1976.

The trial court granted the motion to dismiss. The Court of Appeals proposed summary reversal and reversed the trial court. Defendant filed a petition for writ of certiorari, which writ was granted by this court. We now affirm the Court of Appeals.

The habitual-offender statute, § 40A–29–5, supra, provides in pertinent part as follows:

Any person who, *after having been convicted* within this state of a felony, or who has been convicted under the laws of any other state government or country, of a crime or crimes which if committed within this state would be a felony, commits any felony within this state not otherwise punishable by death or life imprisonment, shall be punished as follows: * * *. (Emphasis added.)

Section 40A–29–15, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) provides that upon entry of a judgment of conviction and upon certain conditions, a court may enter an order deferring or suspending sentence.

Section 40A–29–18, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) sets forth certain conditions which the court shall attach to its order deferring or suspending a sentence.

Section 40A–29–21, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) sets forth the effect of termination of a period of *suspension* without revocation of the order and provides:

Whenever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime. He shall thereupon be entitled to a certificate from the court so reciting such facts, and upon presenting the same to the governor, the defendant may, in the discretion of the governor, be granted a pardon or a certificate restoring such person to full rights of citizenship.

Section 40A–29–22, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) applies to a *deferred sentence* and is the statute which is more particularly involved in this case. It provides:

Whenever the period of deferment expires, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime, the court shall enter a dismissal of the criminal charges.

We note there is a difference in the wording of the statute which applies to suspended sentences and the statute which applies to deferred sentences. Under the suspended sentence statute, § 40A–29–21, supra, a defendant is entitled to a certificate from the court, reciting satisfactory completion of the sentence. Upon presentation of this certificate to the Governor, the Governor

may in his discretion grant a pardon or a certificate restoring such person to full rights of citizenship. Under the deferred sentence statute, § 40A–29–22, supra, it is provided that upon the expiration of the deferred sentence, the defendant has satisfied his criminal liability for the crime and the court must enter a dismissal of the charge.

■ There is some merit to the contention that upon dismissal of criminal charges under the deferred sentence provision of § 40A–29–22, supra, there has been no prior conviction. However, this court in previous cases has determined that the contrary is true, holding that a "conviction" refers to a finding of guilt and does not include the imposition of a sentence. *State v. Larranaga*, 77 N.M. 528, 424 P.2d 804 (1967); *Shankle v. Woodruff*, 64 N.M. 88, 324 P.2d 1017 (1958); *State v. Silva*, 78 N.M. 286, 430 P.2d 783 (Ct.App.1967).

In *State v. Larranaga*, 77 N.M. at 529, 424 P.2d at 805, this court stated:

The pertinent portion of the statute, § 41–16–1, supra, under which the sentence was imposed provides: "Any person who, after having been convicted within this state, of a felony, * * * commits any felony, within this state, shall be punished upon conviction of such second offense as follows: * * *" *In our opinion, the "conviction" to which the statute refers is simply a finding of guilt and does not include the imposition of a sentence.* (Emphasis added.)

■ Habitual offender proceedings are based by statute on prior felony convictions. Since it is not necessary to impose sentence in order to constitute a conviction, the deferred sentence was of no consequence. It is the conviction that is crucial and not the sentence. We therefore hold that the decision of the Court of Appeals is affirmed.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.

PAYNE, J., not participating.

This matter coming on for consideration by the Court upon Motion of Petitioner for a rehearing, and the Court having considered said motion and brief in support thereof, and being sufficiently advised in the premises;

NOW, THEREFORE, IT IS ORDERED that Motion of Petitioner for rehearing be and the same is hereby denied.