812 P.2d 1338

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Billy Joe COCHRAN,
Defendant–Appellant.**

No. 12226.

Court of Appeals of New Mexico.

April 30, 1991.

Certiorari Denied June 12, 1991.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Robert J. Jacobs, Taos, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant appeals from a conviction of false voting, contrary to NMSA 1978, Section 1–20–8 (Repl.Pamp.1985). We address the issue of whether defendant was selectively prosecuted as a result of the exercise of his right to free speech, in violation of equal protection guarantees. Defendant also raises the issue of ineffective assistance of counsel. We need not address this issue because we previously denied defendant's motion to include ineffective assistance of counsel as an issue on appeal We affirm on the basis that defendant failed to establish the requisite elements of a prima facie case of selective prosecution.

## FACTS

On February 23, 1989, defendant was indicted on three fourth degree felony counts arising out of alleged registration and voting offenses. Defendant moved to dismiss the indictment on several grounds, including the contention that he had been selectively prosecuted. A hearing was held on September 6, 1989, at which time defendant offered testimony and evidence to show that he had been singled out for prosecution due to his criticism of the Clovis chief of police, the Clovis police depart-ment, and other agencies of Clovis and Curry County.

The trial court dismissed one of the three counts for reasons unrelated to the alleged selective prosecution and denied defendant's motion to dismiss on the remaining two counts. The state then filed a motion in limine to prevent evidence and testimony at trial concerning selective prosecution. The trial court granted the motion. Defendant subsequently agreed to plead no contest to false voting in exchange for dismissal of the other two counts. Defendant reserved the right to appeal the issue of selective or discriminatory prosecution.

## DISCUSSION

Defendant argues that he was selectively prosecuted on the basis of his vocal criticism of the Clovis police and other Clovis and Curry County governmental bodies. We read defendant's argument as follows: (1) he was denied the opportunity to prove selective prosecution because the trial court ruled that such evidence would be inadmissible at trial, and (2) the proof offered at the September 6 hearing was sufficient to establish a prima facie case of selective prosecution. We conclude that defendant was afforded ample opportunity to make his case and that the trial court properly denied the motion to dismiss.

■ SCRA 1986, 5–601(C)(1) requires "defenses and objections based on defects in the initiation of the prosecution" to be raised prior to trial. Selective prosecution is an application for dismissal on constitutional grounds to be decided by the trial judge after evidence is presented at a pretrial hearing. *See People v. Utica Daw's Drug Co.*, 16 A.D.2d 12, 225 N.Y.S.2d 128 (1962). Although not all courts have taken this position, it seems to be the majority and better-reasoned view. *See id.; see also* Annotation, *Preconviction Procedure for Raising Contention that Enforcement or Penal Statute of Law is Unconstitutionally Discriminatory*, 4 A.L.R.3d 404 (1965).

■ There is no indication that defendant was prevented from offering proof to

support his claim of selective prosecution at the hearing. Indeed, the trial judge stated that the facts alleged in defendant's motion to dismiss would be accepted as true for purposes of ruling on this issue. When defense counsel stated that he wanted to offer additional evidence and testimony, the trial court permitted him to do so. Defendant cites to no point in the record where he objected to the exclusion of any evidence at the hearing. *See State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973) (grounds for objection or motion must be made with sufficient specificity to alert the mind of the trial court to the claimed error). We therefore conclude that the opportunity to present evidence at the hearing was not impeded, and that the issue of selective prosecution was properly confined as a pre-trial matter. *See* R. 5–601.

In reviewing the trial court's rejection of defendant's substantive argument that he was denied equal protection because of his vocal criticism of local officials, we must determine the appropriate legal analysis. Selective prosecution claims generally parallel other claims brought under the equal protection clause of the fourteenth amendment. *See Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). As stated by the tenth circuit, a defendant:

> [M]ust show by a preponderance of the evidence that (1) he or she was singled out while others who are similarly situated have not been subjected to enforcement and (2) that the selection has been invidious or in bad faith and based on intentional, purposeful discrimination stemming from impermissible considerations such as race, religion, or the desire to prevent the exercise of other constitutionally secured rights.

*York v. Secretary of Treasury*, 774 F.2d 417, 422 (10th Cir.1985).

■ New Mexico appellate courts have not had the opportunity to apply this two-pronged test, but we have stated that a lack of uniform enforcement will not in itself violate a defendant's equal protection

rights. *State v. Sharp*, 79 N.M. 498, 445 P.2d 101 (Ct.App.1968); *State v. Lujan*, 79 N.M. 525, 445 P.2d 749 (Ct.App.1968). Addressing defendant's claim under the analysis in *York*, we conclude that he failed to establish a prima facie case of selective prosecution. Defendant's motion to dismiss alleged that he was selected from a number of similarly situated individuals who were not prosecuted. The motion listed five individuals, one of whom defendant later admitted had been pardoned and therefore was not subject to prosecution. At the hearing, the trial court accepted the facts listed in the motion as true and permitted defendant to offer additional evidence. Defense counsel argued that there were over seventy-five felons in Curry County who had voted, but that defendant was the only one prosecuted. Argument of counsel is not evidence. *State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985).

■ Assuming that defendant proved the first element of selective prosecution, the record does not support a showing of discriminatory purpose based on defendant's vocal criticism of local officials. Discriminatory purpose may be proved from all of the relevant facts, including statistical evidence used to establish the initial determination that a defendant was singled out for prosecution. *See State v. Bird Head*, 204 Neb. 807, 285 N.W.2d 698 (1979). The conscious exercise of limited selectivity in enforcement does not rise to the level of a constitutional violation. *See United States v. Niemiec*, 611 F.2d 1207 (7th Cir.1980); *see also People ex rel. New York v. Macbeth Realty Co.*, 100 Misc.2d 926, 420 N.Y.S.2d 252 (1979). Here, defendant testified that he was being prosecuted because of numerous complaints to city and county officials. He testified that he called the police department "one hundred times" to get them to enforce municipal ordinances in his neighborhood. Defendant also testified that he wrote numerous letters to the local newspaper critical of the chief of police, and that defendant was a member of a human rights organization that recently tried to indict the police chief.

■ Proof of defendant's activism, without more, does not shift the burden to the state to rebut an inference of selective prosecution. Defendant failed to support his claim with persuasive statistical evidence and records to support discriminatory purpose. Defendant's evidence falls short of other cases where impermissible discrimination based on the exercise of first amendment rights was found to be the motivating factor behind prosecution. *Cf. United States v. Falk*, 479 F.2d 616 (7th Cir.1973) (En Banc) (discriminatory purpose supported by involvement of senior federal officials in decision to prosecute anti-war activist for failing to possess registration card); *United States v. Steele*, 461 F.2d 1148 (9th Cir.1972) (discriminatory purpose established where enforcement procedure for census violations focused on vocal offenders); *United States v. McDonald*, 553 F.Supp. 1003 (S.D.Tex.1983) (selective prosecution established where government's own documents showed that prosecution was based on defendant's leadership of union).

A selective prosecution defense involves the equal protection component of the Fifth Amendment's due process clause * * * * fundamental to such a defense is "proof that the decision to prosecute was based on impermissible consideration such as race, religion, or the desire to penalize the exercise of constitutional rights." Absent such a showing, the presumption that a criminal prosecution is undertaken in good faith and in a non-discriminatory manner, remains undisturbed. It is settled that mere "conscious exercise of some selectivity in enforcement not in itself a federal constitutional violation."

*United States v. Niemiec*, 611 F.2d at 1209 (citations omitted). *Cf. State v. Moore*, 109 N.M. 119, 782 P.2d 91 (Ct.App.1989) (discussing the respective burdens in establishing a prima facie case of impermissible discrimination in use of peremptory challenges).

■ In the present case, defendant did not show that local officials who were the target of his criticism took part in the decision to prosecute. The Clovis police were notified by reporters from the local newspaper that defendant had voted. Asked by defense counsel whether there was any policy relating to felons voting, a Clovis police officer testified that it was treated like any other crime and acted upon on the basis of complaints. Even if defendant made a sufficient showing of discriminatory purpose, the record indicates sufficient rebuttal. Thus, we cannot say the trial court erred in rejecting that showing as a factual matter. *Cf. State v. Moore.* In the absence of more direct evidence to support purposeful discrimination, we hold the trial court properly denied defendant's motion to dismiss on the basis of selective prosecution.

## CONCLUSION

For the above reasons, we affirm defendant's conviction.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.