**Certiorari Denied, No. 31,572, March 17, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-040**

**Filing Date: January 30, 2009**

**Docket No. 28,813**

**STATE OF NEW MEXICO,**

     **Plaintiff-Appellee,**

**v.**

**JASON YAZZIE,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**SUTIN, Judge.**

**{1}** Defendant entered into a plea agreement regarding two separate incidents of driving while intoxicated (DWI). Defendant had three prior DWI convictions. Based on the plea agreement, Defendant was convicted of two additional DWI offenses and was then sentenced based on fourth and fifth DWI offenses. Defendant appeals the sentence imposed in this case. We proposed to affirm in a calendar notice and received a memorandum in opposition to our calendar notice from Defendant. We have considered Defendant's arguments, but we

1

are not persuaded that affirmance is incorrect. For the reasons discussed in this opinion and in our calendar notice, we affirm the judgment and sentence entered by the district court.

**{2}** Defendant pled guilty to two counts of DWI based on incidents occurring on September 2, 2007, and May 22, 2008. The plea agreement stated that there were no agreements as to sentencing and listed the possible sentences related to each DWI offense included in the plea agreement. The plea agreement indicated that the maximum penalty for each offense was related to either a fourth, fifth, sixth, or seventh DWI offense. The judgment and sentence entered by the district court listed the three prior DWI offenses and then imposed a sentence of eighteen months for Count 1 listed in the plea agreement and a sentence of two years for Count 2 listed in the plea agreement.

**{3}** Defendant continues to argue that, because the sentences for the two DWI offenses listed in the plea agreement were entered in one judgment, his convictions for those two offenses were entered simultaneously. Therefore, Defendant claims that one of the convictions was not entered before the other and neither would constitute a "prior" conviction. Defendant continues to claim that, where one conviction was not "prior" to the other conviction, the district court erred when it sentenced Defendant for a fourth DWI conviction and a fifth DWI conviction.

**{4}** NMSA 1978, Section 66-8-102(E) through (J) (2007) (amended 2008) provides for increased punishment for each additional DWI conviction, beginning with a first conviction. The wording of the statute refers to "first conviction," "second conviction," "third conviction," and so on, but does not refer to any of the convictions as "prior convictions." *See* § 66-8-102. Defendant claims that the statutory language is ambiguous and does not show what the Legislature intended when a defendant enters into a plea agreement for two separate DWI offenses, and the convictions for those offenses are entered into one judgment.

**{5}** We disagree that the statutory language regarding the punishment for DWI convictions is unclear. The statute lists the punishment for each conviction. Included in that list is the punishment for a "fourth conviction" and a "fifth conviction." Section 66-8-102(G), (H). When Defendant entered into the plea agreement, he was agreeing that he committed the offense of DWI on September 2, 2007, and that he committed another, separate offense of DWI on May 22, 2008. Those two offenses resulted in two more DWI convictions. Because Defendant had been convicted of three other separate DWI offenses, the two additional convictions fit into the language of the statute as "a fourth conviction" and "a fifth conviction." *See id.* The language of the statute is clear that a "fourth conviction" results in a particular punishment and a "fifth conviction" results in a particular punishment. We therefore reject Defendant's argument that the statute is ambiguous with regard to sentencing. Furthermore, although Defendant claims that a plea agreement that includes two separate DWI offenses which are later combined in one judgment and sentence should be considered as only one DWI conviction for purposes of sentencing, Defendant cites to no authority to support that claim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (holding that an appellate court will not consider an issue if no authority

2

is cited in support of the issue).

**{6}**     The DWI sentencing statute is significantly different from the habitual offender statutes. *State v. Diaz*, 2007-NMCA-026, ¶ 12, 141 N.M. 223, 153 P.3d 57. When a DWI offense is proved, sentencing is then "set by and tied to the number of times an offender has been convicted of the offense." *Id.* ¶ 15 (internal quotation marks and citation omitted). Here, Defendant agreed that he committed two separate DWI offenses, and the State showed that Defendant had three prior DWI convictions. The judgment and sentence entered two separate convictions based on Defendant's plea agreement and accepted proof that Defendant had three prior convictions. Therefore, under our DWI statute, the appropriate sentence for Count 1 based on the plea agreement was the sentence under the statute "[u]pon a fourth conviction," and the appropriate sentence for Count 2 based on the plea agreement was the statutory sentence "[u]pon a fifth conviction." Section 66-8-102(G), (H).

**{7}**     We affirm the sentence imposed by the district court.

**{8}**     **IT IS SO ORDERED.**

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Yazzi*, No. 28,813**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-PP | Plea and Plea Bargaining |
| CA-PC | Prior Convictions |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |