This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                 **NO. 29,907**

**GERALD RAY ZUNIGA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant contends the State failed to make a prima facie case showing his prior felony convictions met the timeliness test for purposes of enhancing Defendant's sentence as a habitual offender. We issued a calendar notice proposing to agree and reverse the district court's judgment and sentence. [RP 124] The State filed a timely memorandum in opposition, together with a motion to supplement the record. Defendant filed a response in opposition to the State's motion to supplement. Remaining unpersuaded by the State, we reverse the district court and remand for further proceedings. We also deny the State's motion to supplement.

The question in this case is whether Defendant was serving a sentence, a period of probation, or parole within ten years prior to the parole revocation. *See State v. Tave*, 2007-NMCA-059, ¶ 12, 141 N.M. 571, 158 P.3d 1014 (holding the habitual offender statute contemplates the sentencing judge will consider any prior felony convictions within ten years prior to the date of the conviction for which a sentence is being imposed); *see also* NMSA 1978, § 31-18-17(D)(1) (2003) (stating that "prior felony conviction" means "a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later"). "In order to make a prima facie case under [NMSA 1978,] Section 31-18-17 (2003), the State must

offer proof of all three elements: identity, conviction, and timing." *State v. Simmons*, 2006-NMSC-044, ¶ 11, 140 N.M. 311, 142 P.3d 899.

"The standard of proof for the State's evidence is a preponderance of the evidence." *Id.* ¶ 10. "The sufficiency of the evidence is reviewed with a substantial evidence standard. When we review for substantial evidence we give deference to the findings of the district court." *Id.* (citation omitted). "[T]he State must make its prima facie showing, including all of the required elements for a prior felony conviction as defined by the habitual offender statute, and then the burden of proof shifts to the defendant." *Id.* ¶ 13.

Defendant has apparently admitted both his identity and the existence of a previous conviction in Alabama. [DS 3-4; MIO 3-4] Defendant therefore only objects to the State's proof of the timing of the prior felony convictions. [MIO 5] Specifically, Defendant asserts the State's presentment of a "conviction report" was insufficient to establish a prima facie case as to the timeliness requirement, especially as the conviction report was never entered into evidence. [DS 4] Moreover, the report apparently merely indicated Defendant was to serve three years incarceration, followed by one year of probation, for trafficking marijuana, but did not indicate when Defendant actually completed his sentence. [Id.]

Defendant testified he completed the previous sentence on June 27, 1998, outside of the ten-year requirement. [Id.] He testified he was convicted on July 18, 1998, but, at that point, had already served about 13 months and was therefore given pre-sentence confinement credit by the Alabama court. [Id.] He asserts he served an additional 23 months incarceration for a total of 3 years incarceration and any additional time on probation or parole was apparently waived for good behavior. [DS 4-5]

The district court did not find Defendant's testimony credible. [MIO 8] It found the State's presentment of the conviction report sufficient to establish a prima facie case under *Simmons* and found Defendant's testimony insufficient to dispute the State's claim. [DS 5; MIO 8-9] We reverse.

While we agree with the State that the credibility of Defendant is generally left to the providence of the district court [*See* MIO 11], we hold the State's presentment of the conviction report, on its own, was insufficient to establish a prima facie case of timeliness, as said report was never admitted into evidence. Simply put, we hold the State had an obligation to introduce some evidence as to when Defendant completed his sentence in Alabama.

While the district court may have considered and relied upon the conviction report, the fact remains that it is outside the record. Because the conviction report was

neither filed below nor introduced into evidence, [DS 4] we have no way of assessing its evidentiary value or admissibility. As we stated in the companion case to this case, No. 29,906, filed January 6, 2010, we are of the opinion this is a critical deficiency, as it was the State who had the initial burden in the habitual proceedings.

In the recent case of *State v. Lopez*, 2009-NMCA-127, 147 N.M. 364, 223 P.3d 361, this Court was confronted with a similar evidentiary problem. We held "records of prior convictions must be properly admitted into the record and available for review on appeal, unless such proof is stipulated to or otherwise waived" by the defendant. *Id.* ¶ 43. We therefore concluded "a single, uncertified judgment and sentence . . . not in the record" was insufficient to satisfy the State's burden. *Id.* Although we acknowledge *Lopez* deals with sentencing under the DWI statute rather than Section 31-18-17, *cf. State v. Yazzie*, 2009-NMCA-040, ¶ 6, 146 N.M. 115, 207 P.3d 349 ("The DWI sentencing statute is significantly different from the habitual offender statutes."), we are of the opinion the principle upon which *Lopez* is premised, requiring evidence of prior convictions to be of record, is sufficiently general to warrant application in the context of habitual offender proceedings as well. As a result, we hold the conviction report, the admissibility of which is unknown and the contents of which are not of record, is insufficient to satisfy the State's burden.

We also decline the State's invitation to accept the conviction report as a supplement to the record, as it should have been offered in the district court. In closing, we also note the Supreme Court's observation in *Simmons* that the State's burden is not onerous. *Simmons,* 2006-NMSC-044, ¶ 14. As stated in that case, "even when the prior felony conviction occurred in another state, as in this case, information should be available to assist the State in proving all three elements of a prior felony conviction." *Id.* "Thus, with modern technology and the public records of state corrections departments, it should not be difficult for the State to prove all three required elements of a prior felony conviction under the habitual offender statute." *Id.*

We therefore hold the district court erred in ruling the State presented a prima facie showing. Less than ten years have passed since Defendant completed serving his sentences, probations, or parole periods for the prior felony. Accordingly, we deny the State's motion to supplement the record and we reverse Defendant's sentence enhancement pursuant to Section 31-18-17. We remand for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

6

_____

**JAMES J. WECHSLER, Judge**

_____

**CELIA FOY CASTILLO, Judge**

7