This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                              **NO. 30,530**

**KATIE JOHNSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Lisa Torraco
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

This is an appeal of the affirmance of Defendant's conviction for DWI by the district court. Defendant entered a conditional plea to the DWI charge. We issued a calendar notice proposing to affirm the district court decision, and we have received a memorandum in opposition from Defendant. We have considered Defendant's arguments, but we are not persuaded by them. We therefore affirm.

Defendant claims that the 182-day rule was violated and that her speedy trial rights were violated and, therefore, the charge against her should have been dismissed. *See* Rule 7-506 NMRA. Defendant continues to claim that the arraignment on the first charge that was later dismissed and refiled, is the date that triggered the 182-day rule and the time period analysis of speedy trial. As discussed in our calendar notice and in the district court opinion, the time period under Rule 7-506(B) commences within 182 days, "after whichever of the following events occurs latest," and the latest date in this case is the date of arraignment. The original complaint was dismissed as defective, and a new complaint was not filed until April 9, 2007. [RP 199] Defendant was arraigned on June 11, 2007, after one setting that did not occur due to non-appearance by Defendant or her attorney and issuance of a bench warrant for Defendant. Defendant argues that because she was arraigned on the original charge in March 2006, that is the date on which the rule began to run. [MIO 3] We disagree with that argument. Concerns about whether a defendant has been tried in a timely

manner are not triggered when the charges have been dismissed, the defendant is released from custody, and the charges are refiled at a later date. *See State v. Hill*, 2005-NMCA-143, ¶ 12, 138 N.M. 693, 125 P.3d 1175. Defendant entered a plea on June 11, 2007, the same date that she was arraigned, and the district court denied Defendant's motion to dismiss on June 15, 2007. There was no violation of Rule 7-506(B).

As discussed in our calendar notice, the complaint in this case was refiled on April 9, 2007, and Defendant entered a conditional plea on March 4, 2008, which amounts to a period of less than twelve months. *Cf. Hill*, 2005-NMCA-143, ¶ 12 (stating that the time period in which charges are dismissed and the defendant is released is not considered for speedy trial purposes when the charges are dropped in good faith). The length of time is not presumptively prejudicial in this simple case. *See State v. Garza*, 2009-NMSC-038, ¶ 48, 146 N.M. 499, 212 P.3d 387. Therefore, we need not inquire into the other speedy trial factors. Defendant's speedy trial rights were not violated.

Defendant continues to claim that her right to counsel was violated. Defendant challenges our proposal that she failed to properly preserve the issue, and provides a chronology of events to support her argument. [MIO 5] As explained by the district court, Defendant did not invoke a ruling on her claim. [RP 204] In addition,

Defendant did not claim that the state constitution provides her greater protection than the federal constitution. [Id.] However, even if we accept Defendant's contention that the issue was properly preserved, we hold that Defendant was not denied her right to counsel.

The first metro court barred Defendant's counsel based on prior acts of direct contempt, and there is nothing in the record to show that the metro court acted impermissibly. [RP 79-82] Defendant asserts that there is no evidence in the record of this case that her previous attorney committed contempt and, therefore, the metro court's statement is without support. Although it appears there is evidence that the metro judge did find the attorney in contempt, we need not reach this issue. Defendant relies on the argument of counsel, but "[a]rgument of counsel is not evidence." *State v. Cochran*, 112 N.M. 190, 192, 812 P.2d 1338, 1340 (Ct. App. 1991). We further note that although Defendant's counsel was barred by one metro judge, that judge was removed from the case, and there is nothing to show that Defendant could not have kept her attorney.

Defendant argues that, based on the "disparaging" remarks made by the first metro court judge, Defendant made a decision to retain different counsel, even after the case was reassigned. [MIO 14-15] As explained by the district court, Defendant did not invoke a ruling from the prior metro court judges who participated in this

4

case on the issue of disparagement. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (holding that, in order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon). [RP 213] Moreover, as explained in our calendar notice, there is nothing to show that the first metro court judge intended to undermine Defendant's confidence in her counsel, but merely provided reasons for not allowing Defendant's counsel to appear in the courtroom. [MIO 6-7] In this case, the first metro court judge explained that Defendant's counsel had committed direct contempt and would not be allowed to practice in his courtroom. Defendant does not cite any authority to support her claim that the metro court judge acted impermissibly in barring Defendant's counsel. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

We also disagree with Defendant's claim that this case involves an issue of first impression. In this case, the first metro court judge was removed from the case, and Defendant made a choice to not retain her counsel even when the case was reassigned. The cases cited by Defendant concern interference with a defendant's choice of counsel. The first metro court judge did not ultimately preside over the case, and Defendant could have—but chose not to—retain her counsel. Therefore, interference with Defendant's choice of counsel did not occur in this case.

For the reasons discussed in this opinion and those included in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**