This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 31,630**

**JUAN RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Hanratty Law Firm
Kevin J. Hanratty
Artesia, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant, Juan Rodriguez, appeals from his convictions for aggravated driving while under the influence of intoxicating liquor or drugs (DWI) and consumption of alcoholic beverage in motor vehicle upon road.  Although he admits to having three prior DWI convictions, Defendant contends that the district court erred in sentencing him as a fourth-time offender because he did not receive treatment or rehabilitation following his second and third prior convictions, as required by statute.  *See* NMSA 1978, § 66-8-102(K), (L) (2010).  We perceive no error and affirm.

**BACKGROUND**

{2}     Following a jury trial, Defendant was convicted of aggravated DWI and consumption of alcoholic beverage in motor vehicle upon road.  At his sentencing hearing, Defendant admitted to having three prior DWI convictions.  He argued, however, that only his first DWI conviction could be used to enhance his sentence because his sentences for his second and third DWI convictions did not include the mandatory substance abuse treatment required by Section 66-8-102(L).  He argued that sentencing him as a fourth-time offender would violate his "statutory right and constitutional right under the due process clause[.]" The district court recognized that Defendant raised "an interesting argument" but found that Defendant had three prior

2

convictions and sentenced him as a fourth-time offender pursuant to NMSA 1978, Section 66-8-102(G).

{3} Defendant argues on appeal that the district court erred in using his second and third DWI convictions to enhance his sentence because the sentences imposed for those convictions did not comply with Sections 66-8-102(K) and (L). He contends that, in sentencing him as a fourth-time offender, the district court violated these statutes and the due process and equal protection clauses.[1] He relies on public policy considerations to support his position. We consider Defendant's constitutional argument first and his statutory argument second.

**CONSTITUTIONAL ARGUMENT**

{4} In his brief in chief, Defendant states that his sentencing resulted in "an equal protection/due process failure" because it impermissibly differentiated between defendants who receive substance abuse treatment and defendants who do not.

{5} As a preliminary matter, the State contends that Defendant cannot raise an equal protection argument on appeal because he did not raise this argument in the district

---

[1] Defendant also argues under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that the jury was required to find that his prior DWI convictions included "the mandatory language of rehabilitation and treatment[.]" He did not make this argument in the district court, and we will not consider it for the first time on appeal. *See* Rule 12-216 NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked . . . .").

3

court. Defendant states in his reply brief that he made "[a]n implied equal protection argument" in the district court, which was "subsumed" in his argument that if he had undergone alcohol treatment, it might have been successful. He argues that this "implied" argument was sufficient for purposes of preservation and notes that equal protection arguments are "routinely made" with due process arguments.

{6}     While it may be true that defendants routinely make due process and equal protection arguments together, Defendant did not do so here. Defendant referred to the due process clause twice at his sentencing hearing, but he did not refer to the equal protection clause. Defendant does not cite any authority that would permit us to infer one constitutional argument from another. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."). We thus agree with the State that Defendant did not preserve his equal protection argument. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)); *see also State v. Granillo-Macias, Jr.*,

4

2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (holding that the defendant's general objection in the district court was insufficient to preserve a different, but related, argument on appeal).

{7} Turning to the merits of Defendant's due process argument, he cites only one case in support of this argument, *State v. Rotherham*, 1996-NMSC-048, 122 N.M. 246, 923 P.2d 1131. In *Rotherham*, our Supreme Court considered the constitutionality of New Mexico's Mental Illness and Competency Code, NMSA 1978, §§ 31-9-1 to -1.5 (1988, as amended through 1999), which provides the procedure to be followed in cases in which a criminal defendant is incompetent to stand trial. *Id.* ¶ 1. The Court held that the Code is constitutional, rejecting, among other arguments, the defendants' substantive and procedural due process challenges. *Id.* ¶¶ 38-58, 62. Defendant does not explain how this case supports his position, and we struggle to understand the nature of Defendant's argument. We perceive no violation of Defendant's due process rights.

**STATUTORY ARGUMENT**

{8} We next consider whether Defendant's sentence was contrary to Sections 66-8-102(K) or (L). As a preliminary matter, the State contends that Defendant did not preserve his argument under Section 66-8-102(K) because he did not raise this argument in the district court. Defendant claims he preserved this argument by

referring in the district court to "the statute" and the "DWI scheme." The recording of the sentencing hearing supports Defendant's position that his argument was based on the DWI statute as a whole. We thus consider the merits of Defendant's statutory argument, looking at both Sections 66-8-102(K) and (L).

{9}     Section 66-8-102(K) states, in pertinent part:

> Upon any conviction pursuant to this section, an offender shall be required to participate in and complete, within a time specified by the court, an alcohol or drug abuse screening program approved by the department of finance and administration and, if necessary, a treatment program approved by the court.

Section 66-8-102(L) states, in pertinent part:

> Upon a second or third conviction pursuant to this section, an offender shall be required to participate in and complete, within a time specified by the court:
>
> (1)     not less than a twenty-eight-day inpatient, residential or in-custody substance abuse treatment program approved by the court;
>
> (2)     not less than a ninety-day outpatient treatment program approved by the court;
>
> (3)     a drug court program approved by the court; or
>
> (4)     any other substance abuse treatment program approved by the court.

Whether the district court erred in interpreting these statutes is a question of law that we review de novo. *See State v. Hernandez*, 2001-NMCA-057, ¶ 5, 130 N.M. 698,

6

30 P.3d 387. "When interpreting a statute we must ascertain and give effect to the intent of the legislature. We look to the object the legislature sought to accomplish and the wrong it sought to remedy." *Id.* (internal quotation marks and citation omitted).

{10} As we have previously recognized, the DWI statute "provides for increased punishment for each additional DWI conviction, beginning with a first conviction." *State v. Yazzie*, 2009-NMCA-040, ¶ 4, 146 N.M. 115, 207 P.3d 349; *see also State v. Lewis*, 2008-NMCA-070, ¶ 9, 144 N.M. 156, 184 P.3d 1050 (noting that "the Legislature clearly expressed its intent to increase penalties for the crime of DWI based on the number of times an offender has been convicted of DWI"). We have explained that punishment for subsequent DWI offenses "is tied . . . to the recurrence of the offense" and is not intended as "extra punishment for one's failure to reform[.]" *Hernandez*, 2001-NMCA-057, ¶ 26. "Deterrence flows from the certainty of increasing pure punishment rather than from the missed opportunity to reform." *Id.*

{11} Defendant contends that the district court erred in sentencing him as a fourth-time offender because the sentences he received for his second and third convictions did not require him to participate in and complete an alcohol treatment program, as required by Section 66-8-102(L), within a time specified by the court, as required by Sections 66-8-102(L) and (K).

{12} The State first argues that we should reject Defendant's argument because the sentences imposed following his second and third convictions required Defendant to complete DWI school, which is a "substance abuse treatment program approved by the court" within the meaning of Section 66-8-102(L)(4). Indeed, the judgment and sentence entered following Defendant's second conviction, dated August 7, 2008, included a requirement that Defendant "shall complete DWI school." It also stated that Defendant "must participate and successfully complete substance abuse screening and counseling . . . ." The judgment and sentence entered following Defendant's third conviction, dated March 5, 2009, included a requirement that Defendant "attend DWI school and screening, with treatment as recommended by screener."

{13} Defendant responds to the State's argument by noting that (1) DWI school is not the type of treatment that the Legislature intended to require following a second or third DWI conviction; and (2) the sentences imposed following his second and third convictions did not require Defendant to complete DWI school within a specified period of time. We do not decide whether DWI school constitutes a substance abuse treatment program within the meaning of Section 66-8-102(L)(4), but we agree with Defendant that the sentences imposed following his second and third convictions did not include a deadline, which is contrary to the plain language of Sections 66-8-102(K) and (L). *See* § 66-8-102(K) (stating that the offender shall be required to

8

participate and complete screening and treatment, if necessary, "within a time specified by the court"); Section 66-8-102(L) (stating that the offender shall be required to participate in and complete one of the specified types of treatment programs "within a time specified by the court").

{14}     The State next argues that even if Defendant's sentences for his second and third convictions did not satisfy the requirements of Sections 66-8-102(K) and (L), the convictions could still be used to enhance his sentence in this case because the essential fact is the prior conviction, not the nature of the sentence imposed. Defendant appears to believe that his second and third DWI convictions are void because the sentences imposed did not strictly comply with Sections 66-8-102(K) and (L).  Defendant cites one case in support of this argument, *State ex rel. State Tax Comm'n v. Garcia*, 1967-NMSC-098, 77 N.M. 703, 427 P.2d 230, but he does not explain how this case supports his position and we see no possible connection.

{15}     We agree with the State that the district court correctly sentenced Defendant as a fourth-time offender pursuant to Section 66-8-102(G) based on the uncontested fact of his three prior DWI convictions.  Our courts have recognized, on different occasions and in different contexts, that "[a] conviction refers to a finding of guilt and does not include the imposition of sentence." *State v. Garcia*, 1983-NMCA-017, ¶ 26, 99 N.M. 466, 659 P.2d 918; *see also State v. Garcia*, 2011-NMSC-003, ¶ 40, 149

9

N.M. 185, 246 P.3d 1057 (noting that "the conviction dovetails with the finding of guilt and is separate from the subsequent sentencing process"); *Padilla v. State*, 1977-NMSC-063, ¶ 9, 90 N.M. 664, 568 P.2d 190 (citing cases for the proposition that, for purposes of habitual offender sentencing, "a 'conviction' refers to a finding of guilt and does not include the imposition of a sentence"). We believe this authority is equally applicable here. Moreover, as the State points out, to the extent that Defendant is challenging the legality of the sentences imposed following his second and third convictions, he could have appealed from those sentences, sought modification of those sentences, or sought habeas corpus relief.

{16} Defendant asks that we apply the rule of lenity because it cannot be said that the Legislature intended an enhanced sentence on these facts. We disagree and conclude that the rule of lenity is not applicable to this case. *See, e.g.*, *Hernandez*, 2001-NMCA-057, ¶ 32 (declining to apply the rule of lenity where "we [did] not perceive in the statute the sort of insurmountable ambiguity normally required for application of the rule" (internal quotation marks omitted)).

**CONCLUSION**

{17} For the reasons stated above, we affirm Defendant's convictions and sentence.

{18}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**