This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETROGLYPHS MANAGEMENT ASSOCIATION, INC.,**

Plaintiff-Appellee,

**v.** **No. 35,365**

**SIMP MCCORVEY III,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Carpenter, Hazlewood, Delgado & Bolen, P.C.
Mark A. Holmgren
Javier Delgado
Kellie J. Callahan
Tempe, AZ

for Appellee

Simp McCorvey III
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**{1}** Defendant Simp McCorvey III, a self-represented litigant, appeals from the district court's order on Plaintiff's motion to reconsider. [2 RP 553] In this Court's notice of proposed disposition, we proposed to dismiss the appeal based on Defendant's untimely notice of appeal. [CN 1, 4] We explained that the timely filing of a notice of appeal is a mandatory precondition to our jurisdiction and that we were unaware of any unusual circumstances that would justify this Court exercising its discretion to hear Defendant's appeal. [CN 3] Defendant filed a timely memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we dismiss.

**{2}** In his memorandum in opposition, Defendant essentially contends that his notice of appeal for the present appeal was timely. [*See* MIO 6–7] However, as we explained in our notice of proposed disposition, the record reflects that Defendant's notice of appeal was not, in fact, timely. [*See* CN 2–3] Specifically, the record shows that this Court dismissed Defendant's *prior* appeal for lack of jurisdiction due to a pending motion for reconsideration, which rendered the district court's judgment non-final. [CN 2; *see also* 2 RP 540, 550–52] Subsequently, on December 10, 2015, the district court entered its final order, resolving the pending motion to reconsider. [2 RP 553; *see also* CN 2] Thus, as we explained in our notice of proposed disposition, a notice of appeal needed to have been filed with this Court no later than January 11,

2016. [*See* CN 2–3] *See* Rule 12-202(A) NMRA (stating that "[a]n appeal permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201 NMRA"); Rule 12-201(A)(2) (stating that a notice of appeal shall be filed "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"); Rule 12-201(D)(1) ("If any party timely files a motion under [NMSA 1978, ]Section 39-1-1 [(1917)], Rule 1-050(B) NMRA, Rule 1-052(D) NMRA, or Rule 1-059 NMRA, or files a motion under Rule 1-060(B) NMRA that is filed not later than thirty (30) days after the filing of the judgment, the full time prescribed in this rule for the filing of the notice of appeal *shall commence to run and be computed from the filing of an order expressly disposing of the last such remaining motion*." (emphasis added)). As we set forth in our notice of proposed disposition, however, Defendant's notice of appeal was not filed until February 17, 2016, more than two months after the district court's final order was entered. [CN 3; 2 RP 559] As such, Defendant's notice of appeal was not timely filed.

**{3}** We further explained that the timely filing of a notice of appeal in the district court is a mandatory precondition to our jurisdiction over an appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate

3

jurisdiction). [CN 3] We also noted that we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party, *see Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369, which did not appear to be present in this case. [CN 3–4] In his memorandum in opposition, Defendant argues that unusual circumstances do exist because he did not have knowledge that the district court entered its final order on December 10, 2015, until Plaintiff served Defendant with its demand for money, claiming that the district court's order was now final. [MIO 6 (¶¶ 8–10); *see also* 2 RP 553] However, our review of the record indicates that the district court did serve Defendant with the final order—the Order on Plaintiff's Motion to Reconsider [2 RP 553]—on December 10, 2015, in accordance with the rules of civil procedure. [2 RP 554] *See* Rule 1-005(B) NMRA (stating that "[s]ervice upon . . . a party shall be made by delivering a copy to the . . . party, or by mailing a copy to the . . . party at the . . . party's last known address" and that "[s]ervice by mail is complete upon mailing"); *see also Camino Real Envtl. Ctr., Inc. v. N.M. Dep't of Env't (In re Camino Real Envtl. Ctr., Inc.)*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (stating that "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with [and knowledge of] court rules, procedures, and orders

as are members of the bar." (alteration, internal quotation marks, and citation omitted)).

**{4}** Although Defendant alleges that he was not served with the order denying Plaintiff's motion to reconsider and that the district court entered a "secret judgment" without his knowledge, the record simply does not reflect this allegation. [*See* 2 RP 554] Indeed, other than making bare assertions with no actual support that the district court and Plaintiff/its attorneys engaged in "secret pr[o]ceeding[s] designed to prevent an [a]ppeal," engaged in a "secret process," engaged in an "underhanded process to prevent an [a]ppeal," and entered a "secret judgment," Defendant has not shown or demonstrated that the district court failed to serve Defendant with the order, notwithstanding the evidence in the record that the district court did, in fact, serve Defendant with the order. [*See* MIO 6; 2 RP 554] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings," and "it is [the d]efendant's burden on appeal to *demonstrate* any claimed error below" (emphasis added) (alterations, internal quotation marks, and citation omitted)); *State v. Reyes*, 1967-NMCA-023, ¶ 6, 78 N.M. 527, 433 P.2d 506 (stating that " it is . . . incumbent upon [the] appellant to affirmatively *demonstrate* what error, if any, it is contended was committed by the court below" and that "[t]he mere statement of the conclusion *does not suffice* to

present a question for review" (emphasis added)); *cf. State v. Cochran*, 1991-NMCA-051, ¶ 8, 112 N.M. 190, 812 P.2d 1338 ("Argument of counsel is not evidence."); *State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 ("An assertion of prejudice is not a *showing* of prejudice." (emphasis added) (internal quotation marks and citation omitted)). Absent a showing of unusual circumstances, we therefore conclude that we do not have jurisdiction to consider Defendant's untimely appeal.

{5}     We note that Defendant also contends that he did not receive Plaintiff's motion for reconsideration that was pending during the prior appeal and that he "has no knowledge of any post judgment motion or Orders." [MIO 5 (¶ 6)] However, whether Defendant in fact received Plaintiff's motion for reconsideration that rendered the *prior* appeal non-final is not relevant to the question of whether his *present* appeal is timely.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we dismiss Defendant's appeal.

{7}     **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**STEPHEN G. FRENCH, Judge**